## 49395. SOLON AUTOMATED SERVICES, INC. v. CRESCENT COURT APARTMENTS, INC.

EVANS, Judge.

Crescent Court Apartments, Inc. sued Solon Automated Services, Inc. for an accounting of rental monies due on coin operated washing machines owned by the defendant and located on plaintiff's premises. Plaintiff also sought attorney fees for bad faith and contended defendant has been stubbornly litigious and caused plaintiff unnecessary expense in regards to its requests for an accounting, the removal of the coin operated machines, and defendant's refusal to respond to plaintiff in regards to this matter.

Defendant answered, and admitted jurisdiction and the location of the washing machines on plaintiff's premises, but denied any indebtedness and generally all other averments of the complaint.

Trial was held before the court without a jury; and judgment was rendered for plaintiff, $250 in damages and $500 attorney fees. Defendant appeals. *Held:*

1. There is a motion to dismiss because the enumeration of errors and brief were not filed within 20 days and only after an order had been issued by this court to answer within five days. Same were then filed. The procedure authorized by Rule 14 (a) (Code Ann. § 24-3614) allowing the additional five days has not been violated, although the enumerations of error and briefs *are* late. The motion to dismiss on this ground is denied.

2. But defendant seeks a review without a transcript of evidence; and the notice of appeal states that

there is no transcript. Three of the enumerations of error complain of the denial of a continuance which apparently was made verbally by telephone call or at the call of the case. No written request for a continuance or denial thereof is found in the record. Since there is no evidence in the record of a denial of a continuance, there is nothing to review; and there is no transcript to reflect the denial of same by the court at the call of the case.

3. The other two enumerations of error complain that the evidence does not support the judgment and the attorney fees awarded were excessive. Without the transcript, there is simply nothing to review. *Seaton v. Redisco, Inc.,* 115 Ga. App. 80 (153 SE2d 728); *Berrien v. Avco Financial Services,* 127 Ga. App. 584 (1) (194 SE2d 337). In such cases it is presumed that there was sufficient evidence before the trial judge to authorize his findings. *Gleaton & Co. v. Brown-Wright &c. Corp.,* 117 Ga. App. 57 (2) (159 SE2d 500), and cits.

*Judgment affirmed. Pannell, P. J., and Webb, J., concur.*

ARGUED MAY 30, 1974 — DECIDED SEPTEMBER 16, 1974.

*Filsoof & Mykel, M. C. Mykel, Fred F. Filsoof,* for appellant.
*Raymond A. Cunningham,* for appellee.