51982. ABERCROMBIE et al. v. THE STATE.

EVANS, Judge.

This case sounds like "The Hatfields vs. The McCoys," but in reality it amounts to the "Abercrombies vs. The Law," resulting from a melee following a routine traffic investigation in Hall County.

Defendants were indicted and charged for offenses of aggravated assault, pointing a gun at another, and driving under the influence of intoxicants. All four defendants were convicted of simple assault upon the sheriff and one defendant (Joe Abercrombie) was convicted for driving under the influence of intoxicants and pointing a gun at another. Each defendant was sentenced to serve 12 months for the conviction of simple assault and upon payment of fines, etc., to be probated. The defendant, Joe Abercrombie, was sentenced to 12 months on each conviction for a total of 36 months consecutively, and upon payment of fines, etc., to be probated. Motions for new trial were filed and denied. Defendants appeal. *Held:*

1. The deputy sheriffs on routine patrol in Lumpkin

County observed an automobile parked suspiciously along the highway. After passing the car, they turned around to return to the parked automobile. The automobile then moved to a churchyard and stopped and turned off the lights. Since the church had been the subject of vandalism recently, the officers again approached the car, at which time the car again passed them, this time weaving in the road. The officers pursued them, trying to stop them, and upon catching them, a fight ensued, when the officers attempted to arrest the driver. The evidence shows that at this stage the fight progressed into a house, the two Abercrombies obtained rifles and pointed same toward the officers. Other Abercrombies also intervened. This amounted to a stand-off, with the policemen retreating before the rifles held by the Abercrombies. Another policeman arrived and eventually the sheriff. When the sheriff arrived, a state of confusion still existed, though it had calmed down to some extent. The sheriff instructed the two officers to arrest the two Abercrombies, which they attempted to do. But they were unable to accomplish the arrest until the arrival of members of the state highway patrol; two other Abercrombies entered the picture and attacked the sheriff when the sheriff ordered the first two Abercrombies arrested. The charges against all four Abercrombies were then made.

The defendants contend that the entire conflict occurred when the officers attempted to make an illegal arrest and that the defendants, as citizens, were only defending themselves. The jury heard all of this evidence and found the evidence sufficient to support the charges of simple assault, pointing a gun at another, and driving under the influence.

The court did not err in denying the motion for new trial. There was evidence that all four of the defendants attacked the sheriff who had directed the arrest of Joe Abercrombie for driving under the influence. There was ample evidence to show that Joe Abercrombie pointed a gun at the officers, and that he had been driving under the influence. See *Kendricks v. State,* 231 Ga. 670 (203 SE2d 859).

2. The evidence was sufficient for a proper chain of

custody of the blood sample from the moment it was drawn from the defendant, the vial sealed and placed in the refrigerator in the lab at the hospital, then removed therefrom and mailed to the crime laboratory for examination. The blood was taken, sealed, labeled and packaged; and no evidence of tampering was shown. Nothing in *Pittman v. State,* 110 Ga. App. 625 (139 SE2d 507) requires a reversal. See *Interstate Life & Acc. Ins. Co. v. Whitlock,* 112 Ga. App. 212 (3) (144 SE2d 532).

3. The court did not err in charging that if there were at the time of taking ".10 per cent or more by weight of alcohol in a person's blood, it shall be presumed that the person was under the influence of alcohol." This charge amounted in substance to the language in Code Ann. § 68A-902.1 (b) (3), after giving other subsections of this statute. The court also charged on the presumption of innocence and that the defendant was not required to prove anything, and the jury was instructed to take all of the facts and circumstances into consideration.

The evidence shows that defendant's blood contained .10 grams of alcohol per 100 millimeters of blood which was drawn some four hours after the driving under the influence allegedly occurred. There is no merit in the complaints that the court erred in thus charging the jury as to the law with reference to persons presumed to be under the influence of alcohol.

4. The defense contended that defendants were resisting an unlawful arrest and that the jury should have been instructed that it should first determine whether the original arrest of the defendants was legal or illegal. But the drawing of the rifle occurred thereafter, and the assault upon the sheriff occurred even later. The driving under the influence occurred even before the attempted arrest. It was not necessary that the court charge on whether or not there had been a legal or an illegal arrest in the very beginning. While defendants' brief does not meet the requirements of Rule 18 (c) (Code Ann. § 24-3618 (c)) which requires the sequence of arguments generally to follow the order of the enumerations of error; nevertheless, we have carefully reviewed same and find no reversible error.

*Judgment affirmed. Pannell, P. J., and Marshall,*

*J., concur.*

SUBMITTED APRIL 7, 1976 — DECIDED APRIL 21, 1976 —
REHEARING DENIED MAY 6, 1976 — 

*Luman C. Earle,* for appellants.
*Jeff C. Wayne, District Attorney, Roland H. Stroberg, Assistant District Attorney,* for appellee.