## 52863. RAYBURN v. THE STATE.

CLARK, Judge.

This appeal involves a single trial and judgment of conviction upon two separate offenses on different dates for driving under the influence of intoxicants.

1. As to the offense committed July 13, 1976, appellant contends the court erred in refusing to suppress the results of the intoximeter test. The basis of this contention is defendant's statement that he had not been informed of the alternatives available to him under Code Ann. § 68A-902.1. See *Nelson v. State,* 135 Ga. App. 212

(217 SE2d 450). The evidence of the police officer was to the contrary, he testifying that he read to accused a statement posted on the wall of the police station which explained the rights of the motorist under the statute. The trial court's ruling resolved the question of credibility adverse to appellant. No error. See *Martin v. State,* 139 Ga. App. 8 (228 SE2d 15).

2. As to the other offense appellant asserts the state erred in failing to provide him with the blood test he requested. This assertion stems from the events which occurred at the hospital to which he was taken for this purpose. There appellant was presented with a waiver or consent form which the institution required for its protection. After reading this document several times, appellant stated that he did not understand its contents. After some discussion during which the policeman sought unsuccessfully to obtain a "yes or no" answer, the officer reasonably concluded that the accused was stalling to obtain time for his blood system to absorb the alcohol.

As we noted in *Pfeffer v. State,* 136 Ga. App. 448, 450 (221 SE2d 658): "The Implied Consent Law requires a meaningful submission to the test as otherwise the purpose of the law would be frustrated." Appellant's actions here were properly treated as being a refusal of the blood test.

*Judgment affirmed. Bell, C. J., and Stolz, J., concur.*

SUBMITTED OCTOBER 6, 1976 — DECIDED OCTOBER 27, 1976 — REHEARING DENIED DECEMBER 8, 1976.

*Mull & Sweet, Gale W. Mull,* for appellant.
*Hinson McAuliffe, Solicitor, James L. Webb, Frank A. Bowers, Assistant Solicitors,* for appellee.