## 54386. HUNTER v. THE STATE.

BANKE, Judge.

The defendant appeals his conviction for driving while under the influence of intoxicants.

The defendant was stopped by a patrol officer for driving his pickup truck over the center line of the highway. The arresting officer testified that he smelled alcohol on the defendant and asked if he had been drinking. The defendant replied affirmatively and consented to a breathalizer ("balloon") test. The test confirmed the presence of alcohol in his body systems. The officer then arrested the defendant for driving while under the influence of alcohol. The officer also testified that at the time of arrest he read the defendant his "implied consent" rights. Upon arrival at the station, a deputy sheriff obtained the defendant's voluntary consent for an intoximeter test to determine the amount of alcohol in his blood. The test results showed 0.16 percent by weight of alcohol in his blood. The deputy testified that before administering the test, he assured himself that the arresting officer had informed the defendant of his

implied consent rights. The deputy also testified that at no time did the defendant request that additional tests be run.

1. It was not error to deny defendant's motion to suppress the results of the intoximeter test. His main contention is that the officer never informed him of his right under Code Ann. § 68A-902.1 (a) (3) to request a "... qualified person of his own choosing [to] administer a chemical test or tests in addition to any administered at the direction of a law enforcement officer." The arresting officer's testimony contradicted this allegation. The trial court resolved the question of credibility adversely to the defendant and, therefore, admitted the results of the intoximeter test into evidence. See *Martin v. State,* 139 Ga. App. 8 (228 SE2d 15) (1976); *Rayburn v. State,* 140 Ga. App. 712 (231 SE2d 383) (1976).

2. The defendant was convicted of a misdemeanor (Code Ann. § 68A-902), and in the absence of a specific request by counsel, no record is required in a misdemeanor case. Code Ann. § 6-805 (b); *Thompson v. State,* 142 Ga. App. 888 (1977). Defense counsel here neither requested that opening statements be recorded nor made arrangements to pay for having the statements recorded. Code Ann. § 6-805 (j); *Godwin v. State,* 138 Ga. App. 131 (1) (225 SE2d 723) (1976). Furthermore, there is no stipulation in the record as to the text of that portion of defense attorney's opening statement which allegedly was improperly stricken. Code Ann. § 6-805 (i). See *Munsford v. State,* 129 Ga. App. 547 (4) (199 SE2d 843) (1973); *Lyle v. State,* 131 Ga. App. 8 (205 SE2d 126) (1974). For these reasons, we are unable to consider the defendant's allegation that the trial judge erred in restricting defense attorney's opening statement to the jury. *Free For All Missionary Baptist Church v. Hightower,* 127 Ga. App. 84 (192 SE2d 395) (1972); *Solon Automated Services v. Crescent Court Apts.,* 132 Ga. App. 593 (2) (208 SE2d 607) (1974).

3. Over objection, the arresting officer was permitted to read into evidence a printed statement of a motorist's implied consent rights. Defense counsel objected on the ground that the officer should only have been permitted to refer to the card to refresh his rec-

ollection (Code Ann. § 38-1707) and then to testify from his own knowledge. The officer had just testified that at the time of arrest, he read the defendant his implied consent rights from a printed statement on the front cover of his citation book. By his decision here, the judge was simply allowing the officer to utilize a similar procedure in informing the jury of the specific provisions embodied in the implied consent rights.

4. There is no merit in defendant's allegation that the trial court erred in restricting cross examination of the arresting officer. The judge allowed defense counsel ample opportunity to conduct a "thorough and sifting" cross examination. Code Ann. § 38-1705. The judge exercised his discretion to restrict cross examination only when defense counsel persisted in eliciting the same testimony. See *Eades v. State,* 232 Ga. 735 (2) (208 SE2d 791) (1974).

5. The trial court did not err in allowing testimony on the breathalizer into evidence. At trial, the state emphasized that the test was not designed to measure the amount of alcohol in the blood but that it was used to confirm the officer's belief that alcohol was present in the driver's body systems. The state never attempted to rely on the breathalizer test as a measure of the defendant's degree of intoxication. Therefore, the test was not governed by the limitations in Code Ann. § 68A-902.1 (a) (1).

6. The defendant also asserts error because the trial court allegedly permitted the deputy sheriff to give hearsay testimony. The deputy said he did not read the defendant his implied consent rights because the arresting officer told him that he had already done so. This testimony was relevant in explaining the deputy's conduct, and it was not error to admit the testimony. "When . . . conversations . . . are facts to explain conduct and ascertain motives, they shall be admitted in evidence, not as hearsay, but as original evidence." Code Ann. § 38-302; *Nobles v. State,* 139 Ga. App. 371 (2) (228 SE2d 391) (1976).

7. There was no error in allowing the deputy sheriff to explain to the jury the movement of alcohol through the blood and into the individual's lungs. The deputy testified

that in order to become certified to administer intoximeter tests, he had taken a 40-hour basic training course provided by the Georgia Crime Lab and that 20 hours of the course related to a study of the body. The deputy also testified that since that time he had taken a 16-hour refresher course. The deputy's medical testimony was limited to those explanations necessary for a thorough understanding of the structure and significance of the intoximeter test results. His testimony was admissible for this purpose. See *Dandridge v. State,* 109 Ga. App. 33 (2) (134 SE2d 814) (1964); *Benefield v. State,* 140 Ga. App. 727 (7) (232 SE2d 89) (1976).

8. There was no error in allowing the breathalizer device to go out with the jury. The machine was properly introduced into evidence, and the jury may take all properly introduced demonstrative evidence into the jury room when it retires. See *Edwards v. State,* 213 Ga. 552 (3) (100 SE2d 172) (1957); *Walker v. State,* 216 Ga. 15 (3) (114 SE2d 431) (1960).

9. The judge did not err in refusing to charge that the presumption of intoxication arising under Code Ann. § 68A-902.1 (5) (b) (3) is a rebuttable presumption. The judge charged the exact language of the Code section. He also charged that the defendant is presumed innocent until proven guilty and that the state must prove the defendant guilty beyond a reasonable doubt. These charges were sufficient since the defendant failed to present any evidence to rebut the presumption of intoxication. See *Abercrombie v. State,* 138 Ga. App. 536 (226 SE2d 763) (1976).

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

SUBMITTED SEPTEMBER 14, 1977 — DECIDED OCTOBER 14, 1977.

*Bennett & Wisenbaker, Reginald Wisenbaker,* for appellant.
*Edwards, Edwards & Edwards, J. Kent Edwards, Solicitor,* for appellee.