## 55465. HAWKINS v. THE STATE.

BIRDSONG, Judge.

Hawkins appeals his conviction for an armed robbery which occurred in Valdosta and the denial of his motion for new trial. He enumerates five alleged errors. *Held:*

1. The first enumeration deals with an alleged illegal search and seizure. An examination of the evidence developed during the hearing on the motion to suppress shows that the officer, who seized certain weapons and clothing found in a motel room occupied by Hawkins and a companion, was not in fact involved in a search. The officer was investigating an unrelated armed robbery occurring in Brunswick in the near vicinity of the motel. The victims of that robbery indicated that the robber had fled in the direction of the motel. Based upon a description of the robber, the officer determined that the robber might be the occupant of a certain motel room, where the officer went to investigate. Upon knocking, the door was opened, and the officer observed in plain view a stocking mask similar to one used by the robber. The man answering the door was the co-accused, Hubble, and he invited the officer into the room. Prior to entering the room, the officer observed another person lying on a bed but covered with a sheet. Upon entering, he also saw clothing similar to that worn by the Brunswick robber. The officer noted that the person lying in the bed had his hand under the pillow giving rise to a fear that a weapon might be accessible. Removing the cover, the officer recognized Hawkins as matching the description of the

Brunswick robber. The officer then removed the pillow and confiscated a weapon similar to the one described in the Brunswick robbery; Hawkins was then arrested and charged with this robbery. The second gun was found when the officer returned to the motel room with Hubble for the sole purpose of obtaining Hawkins' clothing. As before, the second gun was uncovered because of suspicious circumstances giving rise to a fear by the officer that a weapon was accessible to Hubble. The seized items of clothing were related to the reported robbery and were in plain view. The other item of evidence involved in the suppression motion was a bank money bag taken in the Valdosta armed robbery and found abandoned under Hubble's car while it was parked in front of the Brunswick police station. The two pistols and the clothing were also connected to the Valdosta armed robbery.

Under these facts, the trial judge, as the finder of facts on the motion to suppress, was authorized to find that the door was voluntarily opened by Hubble, an occupant therein who invited the officer into the room. *Brooks v. State,* 129 Ga. App. 393 (2) (199 SE2d 578). While still outside the room, the officer saw openly displayed what appeared to be evidence of a crime (a stocking mask) and upon entering the room, discovered additional evidence relating to a crime (clothing) which the officer was investigating. The officer still was not involved in a search, but all this evidence in plain view, tended to confirm his suspicion that the person under the sheet might be the armed robber. Moreover, it is uncontroverted that after Hawkins was discovered as matching the description of the robber, the officer seized the weapon under the pillow solely as a precautionary measure. The seizure of the second gun occurred under similar circumstances. Such seizures were legal seizures. Terry v. Ohio, 392 U. S. 1, 27 (88 SC 1868, 20 LE2d 889); *Wood v. State,* 224 Ga. 121, 124 (160 SE2d 368). The seizure of the bank currency bag occurred when the bag was found on a public street under Hubble's car. It was clearly abandoned property, which does not fall within the ambit of the protection of the Fourth Amendment. *State v. Roberts,* 133 Ga. App. 206, 207-208 (210 SE2d 387). As a result, Hawkins lacks standing to protest its seizure. We

conclude that the trial court did not err in denying the motion to suppress and admitting the evidence for consideration by the jury.

2. In his second enumeration of error, Hawkins complains that the trial court erred in denying a motion to sever based upon the fact that Hubble gave a confession implicating Hawkins. The trial court denied the motion with the instruction to the state that no reference to Hawkins in the confession was admissible.

The decision to grant a severance rests within the sound discretion of the trial judge, who may balance the interests of the state and the accused by considering such factors as whether the same evidence would be necessary and admissible in each case, and whether the joining of the parties in one trial might promote or hinder a fair determination of each defendant's guilt or innocence. *Padgett v. State,* 239 Ga. 556, 559 (238 SE2d 92). Under the facts of this case, the trial court did not err.

3. In Enumerations 3 and 5, Hawkins complains that the trial court violated its own local rules by allowing into evidence the two pistols, the money bag, a blue shirt, and a "rights statement" because these items of real evidence were not shown to Hawkins' counsel prior to trial and initialed by counsel. The obvious purpose of such a rule is to prevent surprise. In this case, the pistols, the money bag and the shirt were all the subject of the suppression motion. Counsel for both Hawkins and Hubble were fully aware of the existence and materiality of this evidence and had in fact discussed the evidence at the suppression hearing. Moreover, the victims of the Valdosta robbery gave an unqualified identification of each of the accused, their clothing, the money bag, and the two pistols. There is no contention, excluding the suppression hearing discussed above, that the evidence was otherwise inadmissible. We find no harmful error in admitting this evidence even though Hawkins' counsel did not initial it. Even assuming technical error in the admission of the evidence, including the rights waiver form, under the circumstances the error is harmless because the evidence against Hawkins was overwhelming, and, where ". . . a verdict finding the defendant guilty cannot be ignored without violating the

rules of common sense, sentence should be pronounced upon the finding." *Lanier v. State,* 5 Ga. App. 472, 476 (63 SE 536). Applying the standard for harmless error set out in *Johnson v. State,* 238 Ga. 59 (230 SE2d 869), it can fairly be said that it was highly probable that the erroneous admission of the evidence did not contribute to the judgment in this case. See *Hamilton v. State,* 239 Ga. 72, 76 (235 SE2d 515).

4. In the fourth enumeration of error, Hawkins urges that the trial court erred in overruling a motion for new trial because evidence was offered and admitted that during the robbery in Valdosta, Hawkins took the victim's wallet. Appellant argues that this evidence led the jury to believe that a separate crime was committed, thereby impermissibly placing his character in issue. On the contrary, the theft of the wallet was an integral element of the crime charged, armed robbery. The evidence was properly admitted. *Ransom v. State,* 142 Ga. App. 325 (235 SE2d 748).

*Judgment affirmed. Bell, C. J., and Shulman, J., concur.*

Submitted February 27, 1978 — Decided April 28, 1978 — Rehearing denied June 20, 1978 — 

Bennett, Wisenbaker & Bennett, Reginald C. Wisenbaker, for appellant.

H. Lamar Cole, District Attorney, Alden W. Snead, Assistant District Attorney, for appellee.