## 70591. THE STATE v. DULL.
(335 SE2d 605)

DEEN, Presiding Judge.

On October 19, 1983, the appellee, Wayne Edward Dull, was arrested and charged with driving under the influence of alcohol. On January 20, 1984, Dull filed a motion *in limine* to suppress the results of a breath test on the bases, *inter alia*, that the arresting officer lacked probable cause to stop his vehicle and that the officer had not fully advised him of his implied consent rights; on March 22, 1984, that motion was denied as to the issue of probable cause. On January

29, 1985, Dull filed another motion to suppress, based entirely on this court's decision in *Steed v. City of Atlanta*, 172 Ga. App. 839 (325 SE2d 165) (1984), contending that there was no affirmative showing that Dull had waived his statutory right to an additional chemical test of his own choosing. (The proper denomination of this motion would be a motion *in limine*. See *State v. Johnston*, 249 Ga. 413 (291 SE2d 543) (1982)).

At the hearing on Dull's first motion, the arresting officer testified that after he had stopped Dull's vehicle and conducted a field sobriety test, he had arrested Dull and read him the implied consent rights contained in OCGA §§ 40-5-55 and 40-6-392, including his right to have an additional chemical test of his own choosing. The officer further testified that Dull had consented to take the breath test and had not requested any additional test. Dull testified that the officer had quickly advised him of some rights at the time of his arrest, but had not informed him of any right to an additional test. On the basis of this evidence, the trial court granted Dull's second motion, and the state appeals. *Held*:

"[W]here a law enforcement officer requests a person to submit to a chemical test because of acts alleged to have been committed while operating a motor vehicle under the influence of alcohol or drugs, and the officer arrests that person on this ground, OCGA § 40-6-392 (a) (4) . . . requires that the officer inform him *at the time of arrest* of his right to an independent chemical analysis to determine the amount of alcohol or drugs present in his blood. Under ordinary circumstances, where this advice is not given at the time of arrest, or at a time as close in proximity to the instant of arrest as the circumstances of the individual case might warrant, the results of the state-administered test will not be admissible at trial to show that the accused was driving under the influence of alcohol or drugs." *Perano v. State*, 250 Ga. 704, 708 (300 SE2d 668) (1983); see also *State v. Johnston*, 160 Ga. App. 71 (286 SE2d 47) (1981); *Nelson v. State*, 135 Ga. App. 212 (217 SE2d 450) (1975). Where there is a conflict over whether a defendant was advised of his right to an additional test, resolution of the question of credibility is for the trial court. *Hunter v. State*, 143 Ga. App. 541 (239 SE2d 212) (1977); *Rayburn v. State*, 140 Ga. App. 712 (231 SE2d 383) (1976).

Under the above authorities, the results of the breath test would have been inadmissible only if the trial court found that the arresting officer failed to advise him of the right to an additional chemical test of his own choosing. The trial court, of course, did not address or resolve this particular credibility issue, instead ordering exclusion of any reference to the breath test solely on the basis of *Steed v. City of Atlanta*, supra, which adopted a requirement of "an affirmative showing either that the accused has requested an additional chemical test

(and, if so, which test he has requested) and has been given an opportunity to take the test; or that he has waived his statutory right to an additional chemical test of his own choosing." Id. at 842.

There is no doubt that the "affirmative showing" required in *Steed* was absent in the instant case. *Steed*, however, as only a two-judge decision, possesses no precedential value, Rule 35 (b) of the Rules of the Court of Appeals; *Farnan v. Nat. Bank of Ga.*, 142 Ga. App. 777 (236 SE2d 923) (1977), and the trial court was mistaken insofar as it felt bound by *Steed*. More importantly, upon reconsideration of the matter, this court declines further to endorse the novel requirement announced in *Steed*. Neither this court nor the Supreme Court, prior to *Steed*, has ever construed OCGA § 40-6-392 as requiring an affirmative showing of waiver or an actual request of an additional chemical test, despite numerous opportunities to do so. See *Perano v. State*, supra; *Garrett v. Dept. of Public Safety*, 237 Ga. 413 (228 SE2d 812) (1976); *Hunter v. State*, supra; *Rayburn v. State*, supra. In summary, the failure to inform a defendant of the right to an additional chemical test, and not the failure to obtain and show a waiver affirmatively, renders inadmissible the results of a chemical test administered at the request of the arresting officer.

Accordingly, the judgment excluding the test results, following the proposition expounded in *Steed*, must be reversed. The trial court may now choose either to make a pretrial determination of the admissibility of the test results (considering whether or not the arresting officer properly informed Dull of his right to an additional test) or to make such a determination during the trial. *State v. Johnston*, supra at 415.

*Judgment reversed. Pope and Beasley, JJ., concur.*

DECIDED SEPTEMBER 3, 1985 —
REHEARING DENIED SEPTEMBER 24, 1985 —

*Patrick H. Head, Solicitor, Melodie H. Clayton, Jane J. Leib, Jon Hope, Assistant Solicitors*, for appellant.
*Larry W. Yarbrough, Marc D. Cella*, for appellee.
*Ralph T. Bowden, Jr., Linda S. Finley, F. Gentry Shelnutt, Jr.*, amici curiae.