## 70461. RILEY v. THE STATE.
### (334 SE2d 863)

SOGNIER, Judge.

Appellant was convicted of driving under the influence of alcohol and appeals.

1. Appellant's first two enumerations of error relate to the admissibility of the results of a field "breath" test. Appellant contends such evidence was not admissible because the device used was not approved by the Division of Forensic Sciences for the purpose of obtaining admissible evidence at trial, and the State did not lay a proper foundation for admission of such evidence.

The "results" of the field test objected to at trial did not relate to the amount of alcohol content in appellant's blood, but referred to a statement by the officer who gave the test at the time of appellant's arrest that appellant failed the test. The State made no attempt to use the results of this test to establish the degree of appellant's intoxication or as evidence of the amount of alcohol in appellant's blood. Therefore, the trial court did not err by allowing such testimony, and the field test was not governed by the limitations set forth in OCGA § 40-6-392 (a). Hunter v. State, 143 Ga. App. 541, 543 (5) (239 SE2d 212) (1977). Appellant's reliance on Channell v. State, 172 Ga. App. 156 (322 SE2d 356) (1984), is misplaced, as in that case the sole evidence of appellant's intoxication was based on the roadside sobriety test, whereas in Hunter, supra, the screening test results were merely cumulative of the results of an intoximeter test administered to the defendant showing his blood alcohol content. Since we have the same factual situation here as was present in Hunter, Channell, supra, is not controlling.

Appellant's contention that the State did not lay a proper foundation for admission into evidence of the results of the breath test is without merit. Appellant made no objection to the admissibility of the results of the breath test on the basis that a proper foundation had not been laid by the State. In fact, appellant gave no reason for his motion to strike testimony about the breath test, stating only that it was inadmissible. It is well settled that this court will not consider questions raised for the first time on review. Scott v. State, 243 Ga.

233, 234-235 (253 SE2d 698) (1979). Nevertheless, the officer who administered both the field test and the intoximeter test testified that he had been a police officer since 1973; he had completed the mandatory Police Academy schooling; he had been trained in the use of the Intoximeter 3000 machine, which was used to test appellant, by the Division of Forensic Sciences; that the test was performed according to methods approved by that Division; and that he had a permit to operate the machine. The permit was introduced into evidence. Thus, the State laid a foundation showing that the officer met all requirements of OCGA § 40-6-392 (a) (1) to make the test valid. Accordingly, appellant's first two enumerations of error are without merit.

2. Appellant contends error in admitting the results of the Intoximeter 3000 test because the testing procedures prescribed in OCGA § 40-6-392 were not followed. The sole basis of appellant's argument is that the arresting officer did not write the name of the officer administering the test on the Uniform Traffic Citation as required by Department of Public Safety Regulation 570-9-.06 (11). The officer administering the test in this case gave appellant a copy of the intoximeter printout showing the results of the test, the name of the officer administering the test, and the officer's permit number. Thus, appellant knew the identity of the person testing him and cross-examined that person at trial. Our Supreme Court has held that under such circumstances the admission into evidence of the results of an intoximeter test that does not satisfy Rule and Regulation 570-9-.06 (11), supra, is harmless error. *Lester v. State*, 253 Ga. 235, 238-239 (4) (320 SE2d 142) (1984).

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 5, 1985.

*Howard Tate Scott*, for appellant.
*Ken Stula, Solicitor*, for appellee.