### 71449. TILLER v. THE STATE.
(338 SE2d 42)

BANKE, Chief Judge.

In this appeal from his conviction of driving under the influence of alcohol, the defendant enumerates as error the failure of the trial court to suppress the results of an intoximeter breath test administered to him at the time of his arrest, based on the state's failure to prove an affirmative waiver by him of his statutory right to an additional chemical test of his own choosing. Although the defendant testified to the contrary, the arresting officer testified at the hearing on the motion to suppress that he had advised the defendant of his "implied consent" rights at the time of his arrest pursuant to OCGA § 40-6-392 (a) (3), (4) and that the defendant had both consented to the intoximeter test and declined the opportunity for an independent test.

The affirmative waiver requirement set forth in Division 4 of *Steed v. City of Atlanta*, 172 Ga. App. 839 (325 SE2d 165) (1984), has since been "disavowed" by this court in an opinion written by the same judge who authored *Steed*. See *State v. Dull*, 176 Ga. App. 152 (335 SE2d 605) (1985). Accordingly, it is now clear that in the absence of testimony by a defendant that he was *refused* the opportunity for an independent test, the state's burden is merely to show that the defendant was properly advised of his rights. Furthermore, "[w]here there is a conflict over whether a defendant was advised of his right to an additional test, resolution of the question of credibility is for the trial court. *Hunter v. State*, 143 Ga. App. 541 (239 SE2d 212) (1977); *Rayburn v. State*, 140 Ga. App. 712 (231 SE2d 383) (1976)." *State v. Dull*, supra at 153.

In the present case, the state not only satisfied this burden of proof, it also introduced evidence of an affirmative waiver of the right by the defendant. Thus, the evidence in this case would have supported the denial of the motion to suppress even under the now discredited ruling in *Steed*.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

Decided November 8, 1985.

*Howard Tate Scott*, for appellant.
*Ken Stula, Solicitor*, for appellee.