## 71556. THE STATE v. CARTER.
(338 SE2d 300)

BANKE, Chief Judge.

The state appeals the trial court's grant of the defendant's motion to suppress the results of an intoximeter breath test in her prosecution for driving under the influence.

The arresting officer testified that the defendant was informed of her "implied consent" rights at the time of her arrest in accordance with OCGA § 40-6-392 (a) (3), (4) and that she declined the optional

test when informed she would have to pay for it. The defendant testified that no such advice was given. She also testified that, after being taken to the police station, she had requested and had been denied the opportunity to take a blood test. The trial court based its ruling on the holding of this court in Division 4 of *Steed v. City of Atlanta*, 172 Ga. App. 839 (325 SE2d 165) (1984), that the state must prove an affirmative waiver by the defendant of the right to an independent test. *Held*:

The affirmative waiver requirement set forth in *Steed* has since been "disavowed" by this court in an opinion written by the judge who authored *Steed*. See *State v. Dull*, 176 Ga. App. 152 (335 SE2d 605) (1985). We also reaffirmed, in *Dull*, our previous holdings that "[w]here there is a conflict over whether a defendant was advised of his right to an additional test, resolution of the question of credibility is for the trial court." Id. at 153. See also *Hunter v. State*, 143 Ga. App. 541 (239 SE2d 212) (1977); *Rayburn v. State*, 140 Ga. App. 712 (231 SE2d 383) (1976).

In the present case, the state's evidence would have satisfied even the now discredited affirmative waiver requirement which *Steed* purported to impose. It follows that the motion to suppress should have been denied.

*Judgment reversed. McMurray, P. J., and Benham, J., concur.*

DECIDED NOVEMBER 18, 1985.

*Ralph T. Bowden, Jr., Solicitor, Nancy H. Jackson, William C. Akins, Assistant Solicitors*, for appellant.
*William H. Arroyo, Donald Adams*, for appellee.