71994. THE STATE v. CARTER.
(344 SE2d 499)

DEEN, Presiding Judge.

The State of Georgia appeals from the trial court's grant of a motion in limine to exclude evidence of Joseph Carter's refusal to submit to a state administered blood test because there was no affirmative showing that the implied consent warnings were given as required in *Steed v. City of Atlanta*, 172 Ga. App. 839 (325 SE2d 165) (1984). *Held*:

The evidence showed that a police officer investigated an automobile accident in which the defendant was pinned under the steering wheel of a car and suffered a broken leg. The officer assisted in relieving pressure from the injured leg by supporting the defendant's body until an ambulance arrived. She noticed that Carter had a strong odor of alcohol about his body and followed the ambulance to the hospital. The officer testified that she read the implied consent warnings to the defendant at the hospital, that he acknowledged understanding his rights and stated that he did not want the state-administered test. The officer advised the defendant that he could lose his license for six to twelve months and that he still refused the test. A lab technician testified that she heard the implied consent warning administered to the defendant and heard him refuse the test. She wrote "refused blood test for alcohol" on her request for blood test form and it was introduced into evidence. The defendant testified that he remembered talking to the officer at the hospital, but claimed he was not read the implied consent warning.

The court below erroneously relied upon the *Steed* case because it was only a two-judge case and had no precedential value. Court of Appeals Rule 35 (b). An affirmative showing of waiver or request for an additional test was never required under OCGA § 40-6-392 prior to *Steed*. *Dull v. State*, 176 Ga. App. 152 (335 SE2d 605) (1985). The trier of fact must determine the credibility of the witnesses when there is a conflict in the evidence. In the instant case, however, the lab technician corroborated the officer's testimony. While the court is correct in stating that he testified as to what was usually done in such

cases, it is incorrect in discrediting her entire testimony because she unequivocally stated that she heard the implied consent warnings given to the defendant. Even if her testimony was discredited because she could not recall the event in question, her lab form was introduced into evidence and she testified that she made the notation at the time of the test request, and any conflict between the officer's testimony and that of the defendant would require jury resolution.

*Judgment reversed. Benham, J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I agree that the order in this interlocutory appeal should be reversed because the trial court applied the *Steed* case.[1]

But I would point out that *Dull v. State*, 176 Ga. App. 152 (335 SE2d 605) (1985) deals with efforts to suppress the results of a test, and that the contention was that there was no affirmative showing that Dull had waived his right to an additional chemical test of his own choosing. Carter's situation is different. He seeks to exclude from the jury's consideration the evidence that he *refused* to take a state-administered test, not the results of such a test. And his contention is that he was not advised of any of his implied consent rights, not simply the right to an *additional*, self-arranged test. So we are not dealing here with an "affirmative waiver requirement."

The state also relies on *State v. Carter*, 176 Ga. App. 872 (338 SE2d 300) (1985), but that case, like *Dull*, involves the suppression of test results and the advice regarding an additional test.

The facts in this case are more akin to those in *Allen v. State*, 254 Ga. 433 (330 SE2d 588) (1985), where the evidence of refusal to take a state-administered test was at issue. One of the appellant's contentions was that the refusal should have been excluded because the officer failed to fully inform him of his implied consent rights. The Supreme Court noted the conflict in the evidence on this point and held that the evidence supported the conclusion that the officer complied with the requirements of the law.

Thus, where there is a conflict in the evidence with respect to whether the person refused to take the state test or not, it should be resolved by the jury. And for that reason I agree that the order of the trial court should be reversed.

DECIDED APRIL 7, 1986.

*Ralph T. Bowden, Jr., Solicitor, N. Jackson Cotney, Jr., Henry*

---

[1] *Steed v. City of Atlanta*, 172 Ga. App. 839 (325 SE2d 165) (1984), disapproved in *Cunningham v. State*, 255 Ga. 35, 38 (334 SE2d 656) (1985).

*M. Newkirk, Assistant Solicitors*, for appellant.
*C. Alan Mullinax*, for appellee.