## 72082. JONES v. THE STATE.
(345 SE2d 105)

SOGNIER, Judge.

Appellant was convicted of driving under the influence of alcohol. In his sole enumeration of error appellant contends the trial court erred by denying his motion to suppress the results of an intoximeter test because the State did not lay a proper foundation for admission of such evidence. The basis of appellant's motion was that there was no showing that the machine used to administer appellant's breath test was maintained properly as required by Rule 570-9-.06 (8) (a) of the Rules of the Department of Public Safety. This contention is without merit.

Rule 570-9-.06 (8) provides: "The Director, State Crime Laboratory: (a) will cause each instrument used in the administration of breath tests to be checked periodically for calibration and operation and a record of the results of all such checks to be maintained." Although the two witnesses who testified for the State were certified operators of the machine used here, neither of them was responsible for maintenance or calibration of the machine. However, both witnesses testified that Sergeant Morgan Key conducted the checks and had the check list posted on the machine, which he initialed each time the machine was checked and any maintenance or repairs were completed. One of the State witnesses also testified that she had a copy of the sheet showing when Sergeant Key checked the machine. Thus, there was evidence before the court that the machine was checked periodically as required by the rule cited above. Further, both witnesses testified they could swear that the machine used to test appellant was properly calibrated; if the machine is not calibrated properly it automatically shuts down and a test cannot be run. Such evidence established that the chemical analysis of appellant's breath was performed according to methods approved by the Division of Forensic Sciences of the Georgia Bureau of Investigation, as required by OCGA § 40-6-392. Such requirements relate to the *methods* used to *administer* tests and to ascertain qualifications and competence of individuals to conduct such analyses, and to issue permits to such individuals. *State v. Holton*, 173 Ga. App. 241 (326 SE2d 235) (1984); *Channell v. State*, 172 Ga. App. 156-157 (322 SE2d 356) (1984).

Since the requirements of the Code were met and there was sworn testimony that the machine was calibrated properly, it was not error to deny appellant's motion to suppress evidence.

*Judgment affirmed. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED MAY 2, 1986.

*H. Patterson Garner*, for appellant.
*Herbert T. Jenkins, Jr., Solicitor*, for appellee.