73153. THE STATE v. HOWELL.
(349 SE2d 476)

DEEN, Presiding Judge.

On July 13, 1985, Clayton County narcotics agent Noe took part in an undercover purchase of cocaine from one McIntyre, not a party to this appeal. After meeting Noe and discovering that neither of the parties had any scales, McIntyre left in a Saab 900 Turbo automobile, saying that he would return shortly. He did not return. Later that same evening, however, a sale was made between the two parties at a different location. Noe observed the same Saab 900 Turbo parked twenty to twenty-five yards away in the parking lot of an apartment complex. On August 10, 1985, McIntyre was arrested after another drug sale, from the scene of which an unidentified third person drove

the Saab away. At this time police tried unsuccessfully to stop the vehicle.

Three days later, Noe again observed the Saab in the apartment parking lot and contacted his superior officer to make arrangements for obtaining a court order to seize the vehicle. While waiting to hear further from his superior, Noe observed appellee approach the Saab, remove a cover from it, place a brown paper sack in the interior, and then start to drive off in the vehicle. The decision was made for Noe to seize the Saab immediately, before it left the county. Noe arranged for the assistance of a marked Clayton County Police Patrol unit, which fell in behind appellee approximately three-fourths of a mile from the parking lot. When the Saab stopped for a red light, the patrol car flashed its blue lights and indicated that the driver should pull over.

Noe approached the Saab and, upon reaching the rear of the vehicle, observed appellee throw a napkin out of the window, landing beside the car's door. After removing appellee from the vehicle, Noe picked up the discarded napkin and discovered two plastic bags containing white powder which he suspected to be cocaine, and which appellee, after being read his rights, admitted to be cocaine.

On August 13, 1985, appellee was arrested and charged with violation of the Georgia Controlled Substances Act. Appellee's Motion to Suppress was granted February 21, 1986. The State now appeals from the grant of the Motion to Suppress, pursuant to OCGA § 5-7-1 (4). *Held*:

Appellee Howell contends that the State illegally seized the Saab from which Howell, the car's sole occupant, was observed by the law enforcement officers to throw a paper napkin containing a quantity of cocaine. As noted supra, the Saab had been on or near the scene of two previous drug transactions. Law enforcement officers had made one unsuccessful attempt to apprehend the car and its driver as it left the scene of one of the "buys." When Howell came to the parked vehicle while officers had it under observation as they awaited the arrival of paperwork authorizing its seizure, it became necessary, once authorization to make a warrantless seizure was received, to devise a practical means of seizing the vehicle (and its driver) before the car left the jurisdiction. To call for a marked police car, equipped with lights and sirens, to effect the actual pursuit and seizure was reasonable in circumstances where, as here, the vehicle was manifestly mobile and capable of asportation beyond the jurisdictional boundaries, and where Howell clearly indicated that he was preparing to operate it. Appellant's contention that such an exigent circumstance was deliberately contrived by the State is patently without merit.

Our examination of the record *sub judice,* including the transcript of the hearing on the motion to suppress, indicates that the

trial court erred in granting the motion. The State indubitably had probable cause to effect a seizure of the vehicle. OCGA § 16-13-49 (b) (4). As for the substance identified as cocaine, appellant affirmatively abandoned it by throwing it from the vehicle as the officers approached, thereby placing it within plain view on the public highway. Cf. *Golden v. State*, 163 Ga. App. 519 (295 SE2d 333) (1982). Neither abandoned property, nor items in plain view of law enforcement officers who (as in the instant case) are where they have a right to be, can be the subject of a motion to suppress when the abandonment of the evidence and the simultaneous placing of it in plain view occurs during the course of a legal stop. *Hawkins v. State*, 146 Ga. App. 312, 313 (246 SE2d 343) (1978); *Lewis v. State*, 126 Ga. App. 123, 126 (190 SE2d 123) (1972); see also *Golden v. State*, supra. Moreover, in contrast to the fact situation in *Hawkins*, supra, no actual search of the Saab relative to the challenged evidence occurred, as the contraband substance seized was lying on the public road.

In this factual and legal situation, the motion to suppress should have been denied, and the state should be permitted to introduce the challenged evidence at trial.

*Judgment reversed. Benham and Beasley, JJ., concur.*

DECIDED SEPTEMBER 16, 1986 —
REHEARING DENIED OCTOBER 2, 1986

*Robert E. Keller, District Attorney, Deborah C. Benefield, Assistant District Attorney*, for appellant.
*W. Bruce Maloy*, for appellee.