## 75196. COURSON v. THE STATE.
### (363 SE2d 41)

BENHAM, Judge.

Appellant was convicted of driving while under the influence of alcohol. OCGA § 40-6-391. On appeal he asserts as error the trial court's denial of his motion for new trial, his motion to suppress, and his demurrers; the admission into evidence of the three exhibits presented against him; and the giving of a charge.

Appellant was tried on an accusation which charged him with "driving under the influence; a violation of OCGA § 40-6-391; for that the said accused on the 4th day of October [1986] . . . did then and there unlawfully drive a motor vehicle while there was 0.12 percent or more by weight of alcohol in his blood. . . ."

1. Appellant's motion for new trial was based upon the general grounds and was appropriately denied. The State presented evidence that appellant was stopped after a police officer observed appellant's vehicle straddling the centerline of a road. The officer testified that appellant staggered when he stepped away from his vehicle; exhibited slurred speech; had an odor of alcohol about him; and admitted he had had a few drinks. His blood alcohol content, as measured by an intoximeter, registered .17. The evidence was sufficient for a rational trier of fact to find appellant guilty beyond a reasonable doubt of driving under the influence. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); OCGA § 40-6-391 (a) (4); *Hadden v. State*, 180 Ga. App. 496 (3) (349 SE2d 770) (1986).

2. Appellant sought suppression of the intoximeter reading on the ground that he was not advised of his right to have an independent examination of his blood, breath, or urine. See OCGA § 40-6-392 (a) (3). The arresting officer testified that he had informed appellant of his right to an independent examination at the scene of the arrest, and the intoximeter operator testified that appellant, after completing the intoximeter breath test, was again informed of his right to an additional test. The intoximeter operator stated that appellant executed a form in which he waived his right to undergo an additional test, and that form was admitted into evidence. The trial court did not err in denying appellant's motion to suppress. *Tiller v. State*, 176 Ga. App. 797 (338 SE2d 42) (1985).

3. During the trial, three documents subsequently admitted into evidence were identified by three witnesses for the State as: (1) a copy

of the intoximeter operator's certification to operate the machine; (2) the computer printout of appellant's intoximeter test results; and (3) the written waiver of an independent blood-alcohol test executed by appellant. Appellant objected to the admission of all the documents at trial and claims on appeal that no proper foundation was laid for their admission.

A copy of the document certifying the testing officer to use the intoximeter was admitted into evidence because the original of the document, displayed by the officer in court, must, under rules promulgated by the Department of Public Safety, be kept in the possession of the operator. See Dept. of Public Safety Rule 570-9-.06 (6). Having accounted for the absence of the original, the State was entitled to tender an identified copy (OCGA §§ 24-5-2 and 24-5-4), and the discretion exercised by the trial court in determining that the original was inaccessible was not abused. Therefore, the decision of the trial court will not be overturned by this court. *Knox v. State*, 165 Ga. App. 26 (2) (299 SE2d 105) (1983).

Since the intoximeter printout of appellant's test result was identified by the operator as appellant's test result, a proper foundation for admission of the document was laid, and its admission was not error. The written waiver of the right to an independent blood-alcohol content examination was not subject to the strictures of OCGA § 17-7-210 (see *Dean v. State*, 168 Ga. App. 172 (2) (308 SE2d 434) (1983)), and appellant was not entitled to the advice of counsel when deciding whether to request an independent examination, allowed under the Implied Consent Law. See *Hardison v. Chastain*, 151 Ga. App. 678, 679 (261 SE2d 425) (1979). In point of fact, since the State need not have proven an affirmative waiver of the right to an additional test (*State v. Dull*, 176 Ga. App. 152 (335 SE2d 605) (1985)), but need only have shown appellant was informed of that right at the time of arrest, the waiver signed by appellant was extraneous. See *Tiller v. State*, supra.

4. Appellant cites as error the denial of his demurrer to the accusation. Appellant contended that the traffic citation charged him with DUI while the accusation charged him with a different crime, driving with a blood-alcohol level over .12. OCGA § 40-6-391 (a) (4). "Subsection (a) (4) simply sets out *an alternative method of proving the crime* established by *the DUI statute . . .* [S]ubsections (a) (1) and (a) (4) merely set out *two different methods* of proving *the same crime. . . .*" *Hogan v. State*, 178 Ga. App. 534, 535 (343 SE2d 770) (1986.) Appellant also complains that the accusation is not based upon an affidavit sworn to before a magistrate or a judge. "[A]n accusation need not be supported by an affidavit where the defendant has been previously arrested in conjunction with the transaction charged in the accusation. See OCGA § 17-7-71 (a); [cit.]." *Manning v. State*,

175 Ga. App. 738 (1) (334 SE2d 338) (1985).

5. In his final enumeration of error, appellant contends the trial court gave an unauthorized charge. The charge appellant finds objectionable is one in which the trial court instructed the jury on the elements of OCGA § 40-6-391 (a) (1-3) and on the inferences found in OCGA § 40-6-391 (b). The jury was informed that "[i]f there was at that time .12 percent or more by weight of alcohol in the person's blood, . . . it shall be unlawful for any person to drive or be in actual, physical control of any moving vehicle." See OCGA § 40-6-392 (b) (4). Since appellant was charged with DUI by having .12 percent or more by weight of alcohol in his blood (OCGA § 40-6-391 (a) (4)), the instructions concerning being a less safe driver (OCGA § 40-6-391 (a) (1-3)) and the inferences listed in OCGA § 40-6-392 (b) (1-3) were superfluous. See *Stewart v. State*, 176 Ga. App. 148 (335 SE2d 603) (1985). However, since the jury was also informed of the legal ramifications of a blood-alcohol content of over .12 percent and there was evidence that appellant's blood-alcohol content was greater than .12 percent, we do not believe the additional language in the charge was harmful to appellant.

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

Decided November 5, 1987.

*J. Laddie Boatright*, for appellant.
*Richard W. Shelton, Solicitor*, for appellee.