68678. FURLOW v. THE STATE.
(322 SE2d 317)

SOGNIER, Judge.

Appellant was convicted of armed robbery and kidnapping and filed the instant appeal.

Dewitt Canon, a taxicab driver, picked up as fares appellant and another man. After directing Canon where to go, appellant's companion put a gun to Canon's head and robbed him of his money, watch and other personal items. Canon was then forced into the trunk of his taxicab, and appellant and his companion drove around Atlanta. The police, who had been alerted by the cab company dispatcher that Canon might be in trouble, spotted Canon's taxicab and pursued it. Appellant and his companion jumped out of the cab and ran; appellant was apprehended and searched at the scene. Canon's watch and cigarette lighter were in appellant's pocket. When the police learned from the dispatcher that the driver was an elderly white male, they got the keys from the taxicab, opened the trunk, and found Canon. Although appellant claimed he was a passenger in the taxicab driven by a black male and did not rob or kidnap Canon, Canon positively identified appellant as one of the two persons who robbed and kidnapped him. The two police officers who apprehended appellant identified him as the person driving Canon's taxicab when they were pursuing him.

1. Appellant contends the evidence is not sufficient to support the verdict. We find the evidence more than sufficient to meet the standards of proof required by Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Appellant contends the trial court erred by denying his motion for a continuance or a mistrial on the ground that he was not furnished a copy of appellant's statement to the police, as requested, prior to trial. In this regard, when appellant was apprehended, he was not questioned by the arresting officers. However, appellant was screaming "I'm the driver. Why are you doing me like this?" Appellant argues that under the provisions of OCGA § 17-7-210 it was error to allow these oral statements into evidence.

OCGA § 17-7-210 (a) provides that at least 10 days prior to trial a defendant shall be entitled to a copy of any statement given by him while in police custody, upon timely written request made within a reasonable time prior to trial. OCGA § 17-7-210 (d) provides that if the defendant's statement is oral, "no relevant and material (incriminating or inculpatory) portion of the statement" may be used against him unless it has been furnished previously to the defendant upon timely written request.

Appellant's statements were neither incriminating nor inculpatory, and we have held that statements that are not incriminating or inculpatory do not fall within the ambit of OCGA § 17-7-210 (d). *Howell v. State*, 163 Ga. App. 445, 448 (4) (295 SE2d 329) (1982). Hence, it was not error to admit the statements in evidence.

3. Appellant contends error in allowing the State to question appellant on matters relating to his character when appellant had not placed his character in issue. This contention is not supported by the

record. Appellant testified on direct examination that he ran from the police because he was on probation for "snatch robbery" (purse snatching), and he didn't have any identification. Where the defendant seeks to explain flight by referring to his criminal record, he will not be heard to contend that undue prejudice results when the State questions him concerning that record. *O'Neal v. State*, 239 Ga. 532, 533 (2) (238 SE2d 73) (1977).

· *Judgment affirmed. McMurray, C. J., and Deen, P. J., concur.*

DECIDED SEPTEMBER 11, 1984 —
REHEARING DENIED SEPTEMBER 20, 1984 ▮

*Carl P. Greenberg*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Richard E. Hicks, Alfred D. Dixon, Assistant District Attorneys*, for appellee.