### 70919. HUDGINS v. THE STATE.
(337 SE2d 378)

SOGNIER, Judge.

Appellant was convicted of the misdemeanor offense of operating a motor vehicle while under the influence of alcohol and while there was more than 0.12 percent of alcohol in his blood.

1. Appellant contends the trial court erred by denying his motion in limine and admitting into evidence his in-custody statements. He argues first that the statements were admitted in violation of OCGA § 17-7-210, which provides that upon timely written request, a defendant is entitled to a copy or summary of any written or oral statement made by him while in police custody, and failure to provide him with a copy or summary of his statements at least 10 days prior to trial makes them inadmissible in evidence.

The statements in question were made after appellant was stopped by a police officer who observed appellant driving south in the northbound lane of Interstate 85. Appellant then cut across six lanes of traffic and brought his car to a stop on the right hand side of the interstate. The officer approached and asked appellant for his driver's license, asked where he had been and where he was going. Appellant stated that he and a lady in the car had been at the airport in the lounge, awaiting a late flight to Las Vegas to get married. After talking to appellant a few minutes the officer noticed that appellant had a strong odor of alcohol, his eyes were glassy, and he was acting in a sluggish, intoxicated manner. The officer then placed appellant under arrest. The officer read appellant the implied consent warning and he agreed to take a breath test.

Appellant argues that these statements were not admissible because he was not furnished a summary of his statements pursuant to a timely, written request, and because he was not advised of his *Miranda* rights (*Miranda v. Arizona,* 384 U. S. 436 (86 SC 1602, 16 LE2d 694). These arguments are without merit.

In *Berkemer v. McCarty*, 468 U. S. ___ (104 SC ___, 82 LE2d 317) (1984), the court held that a motorist detained pursuant to a traffic stop is not taken into custody for the purpose of the *Miranda* warning, and this court has adopted that rule. *Wilson v. State*, 173 Ga. App. 805, 806 (1) (328 SE2d 418) (1985). Since the statements in question were made in response to preliminary questions after appellant stopped and before he was placed under arrest, no *Miranda* warning was required. Statements made by appellant after he was arrested were made voluntarily and were not incriminating. They related primarily to appellant's personal problems, and a statement that when he came out of the airport he missed the turn onto I-85 and crossed the interstate to get in the proper lane. Since the statements were voluntary, even had they been incriminating they were admissible. *Allums v. State*, 161 Ga. App. 842, 846 (5) (288 SE2d 783) (1982).

Since appellant's statements were neither incriminating nor exculpatory, the State was not required to furnish appellant a summary of his oral statements. *Furlow v. State*, 172 Ga. App. 185, 186 (2) (322 SE2d 317) (1984). Accordingly, it was not error to deny appellant's motion in limine on these grounds.

2. Appellant's third and fourth enumerations contend error in allowing the intoximeter operator to testify as to his own qualifications, and to testify relying on the opinions of others. Appellant argues that because a valid operator's permit was not introduced into evidence, the witness was testifying as a non-qualified expert and his testimony should not have been allowed. This contention has been decided adversely to appellant. *Clarke v. State*, 170 Ga. App. 852-853 (319 SE2d 16) (1984).

Appellant's contention that the intoximeter operator was not an expert and his testimony was based on the opinions of others is not supported by the transcript. The officer administering the test stated that in 1983 he received 40 hours of training in operating the auto-intoximeter and received certification as a qualified operator upon completion of his training. He was so certified at the time the test was administered to appellant. The operator followed all approved procedures in administering the test, and when appellant was tested he registered a blood alcohol count of 0.22 grams of alcohol. Since the operator was certified to operate the machine on which appellant was tested, it was not error to allow the operator to testify to the results of appellant's breath test. *Arnold v. State*, 163 Ga. App. 94, 95 (1) (292 SE2d 891) (1982). See also *State v. Allen*, 165 Ga. App. 584 (300 SE2d 337) (1983).

3. Appellant contends the trial court erred by failing to give the charge relating to presumptions approved in *McCann v. State*, 167 Ga. App. 368 (306 SE2d 681) (1983), contending that the charge in

that case was made mandatory by *Olsen v. State*, 168 Ga. App. 296, 297 (2) (308 SE2d 703) (1983). We need not address this issue, as the accusation charged appellant with driving under the influence of alcohol and while there was more than 0.12 percent by weight of alcohol in his blood. Our Supreme Court has held that OCGA § 40-6-391 (a) (4) (driving with more than .12% blood alcohol content) defines a specific act as criminal, and all the State need prove is that the defendant committed the act. *Lester v. State*, 253 Ga. 235, 237 (2) (320 SE2d 142) (1984). The court went on to hold that *no* presumption is involved in this offense. Id. at 238 (2). Hence, any alleged error in the trial court's failure to give the entire *McCann* charge was harmless.

4. Appellant contends the trial court erred by denying his motion in limine because there was no affirmative showing that appellant waived his right to an independent blood alcohol test by a person of his own choosing, as required by *Steed v. City of Atlanta*, 172 Ga. App. 839 (325 SE2d 165) (1984).

This court held recently that an affirmative showing of waiver is not required, and declined to endorse the "novel requirement" set forth in *Steed*, supra. *State v. Dull*, 176 Ga. App. 152 (335 SE2d 605), (1985). The State showed by testimony that after being advised of his right to an additional test by a person of his own choosing, appellant stated he wanted no further tests. Thus, this enumeration of error is without merit.

5. Appellant contends the trial court erred by denying his motion in limine because there was an incurable defect in the accusation. This enumeration is without merit.

Appellant did not question the accusation in his motion in limine, but raised this issue in a motion to quash midway through the trial. A demurrer to the indictment, motion to quash or a plea in abatement must be entered before trial. *Sheffield v. State*, 235 Ga. 507 (1) (220 SE2d 265) (1975). Since appellant did not make his motion to quash prior to trial, he waived any alleged defects by going to trial under the accusation without complaint. Id.

Lastly, appellant contends the trial court erred by allowing the test results to be considered by the jury because there was no evidence that a chemical test was administered to appellant. Appellant argues that OCGA § 40-6-391 requires that evidence of blood alcohol count must be determined by a chemical test of the person's breath and there was no showing that the intoximeter used a chemical test to determine appellant's blood alcohol count.

OCGA § 40-6-392 is connected to and affects the *admissibility* of test results into evidence, *State v. Johnston*, 160 Ga. App. 71, 72 (286 SE2d 47) (1981), and appellant made no objection to the admissibility of the test results on the ground stated here. He first raised the issue in a motion for a directed verdict of acquittal. Since appellant made

no objection to the admissibility of the test results on the ground set forth in this enumeration, he cannot raise the issue for the first time on appeal. *Bowen v. State*, 173 Ga. App. 361, 362 (4) (326 SE2d 525) (1985). Further, appellant's contention is not supported by the transcript. The machine used to test appellant contained a gas that analyzes the breath for alcoholic content when a person blows into the machine. Thus, it is apparent that the machine analyzes a person's breath for blood alcohol content by a chemical process activated when the person's breath reacts with the gas in the machine. Further, OCGA § 40-6-392 (a) (1) provides that chemical analysis of a person's blood, urine, breath or other bodily substance shall be performed according to methods approved by the Division of Forensic Sciences of the Georgia Bureau of Investigation and by persons possessing a valid permit issued for that purpose. The operator possessed a valid permit and the machine used was approved by the Division of Forensic Sciences for chemical analysis of a person's breath. Hence, this enumeration of error is without merit.

*Judgment affirmed. Birdsong, P. J., concurs. Carley, J., concurs in Divisions 2, 3, 4 and in the judgment.*

DECIDED OCTOBER 17, 1985 —
REHEARING DENIED NOVEMBER 5, 1985 —

*Harvey A. Monroe*, for appellant.
*James L. Webb, Solicitor, E. Duane Cooper, Norman Miller, Assistant Solicitors*, for appellee.