## 73151. PARKER v. THE STATE.
### (353 SE2d 83)

BEASLEY, Judge.

Convicted of arson in the first degree (OCGA § 16-7-60), defendant appeals.

1. The first enumeration of error addresses the failure to direct a verdict of acquittal which raises the sufficiency of the evidence.

" ' "Three things are necessary to sustain a conviction for arson: that the real property alleged in the indictment was in fact burned, that its cause was a criminal agency, and that the defendant was that criminal agency." ' " *Bragg v. State*, 175 Ga. App. 640, 641 (1) (334 SE2d 184) (1985). Accord *Campbell v. State*, 169 Ga. App. 112, 114 (312 SE2d 136) (1983).

Defendant concedes the presence of the first element but contends the state failed to prove the other two. Fires are presumed to be the result of accidental or providential cause and the burden is on the state to prove the particular fire was of incendiary origin. *Lockhart v. State*, 76 Ga. App. 289, 293 (1) (45 SE2d 698) (1947); *Wade v. State*, 195 Ga. 870, 875 (2) (25 SE2d 712) (1943). However, following conviction and approval of the verdict by the trial court, the evidence is construed favorably to the verdict. *Powell v. State*, 171 Ga. App. 876, 877 (321 SE2d 745) (1984).

Here two fires occurred in the stockroom of the back of a grocery store after the assistant store manager refused to cash a check tendered by defendant's wife. One was behind some pallets in the stockroom and one was in a trash can some distance away in the produce stock area. An arson investigator testifying as an expert witness opined that there were "two separate set fires," and he related the basis for his opinion. This was sufficient to create an issue for the jury.

Although circumstantial, the evidence was also sufficient to identify the defendant as the perpetrator. One of the store employees saw defendant behind the pallets where within a few minutes one of the fires was discovered. Defendant told the employee he was looking for dog food but when informed it was at the front of the store, walked the other way. The assistant store manager saw defendant coming out the doors of the produce stockroom. No one else was seen in the area near the time of the fires. Defendant was arrested by police sum-

moned to the scene of the fire, after he drove his truck into a pole as he left. At that time he stated he did not go into the stockroom at any time. Later, on the stand, he testified he went to the rest room in the stockroom following the directions of an unidentified store employee. Even though the motion was made and ruled on before defendant presented his evidence, on appeal we consider it all. *Bethay v. State*, 235 Ga. 371, 374 (1) (219 SE2d 743) (1975); *Causey v. State*, 154 Ga. App. 76, 77 (267 SE2d 475) (1980).

Even if we consider only the state's evidence, a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. *Burns v. State*, 166 Ga. App. 766, 768 (3) (305 SE2d 398) (1983); *Kennedy v. State*, 172 Ga. App. 336, 340 (4) (323 SE2d 169) (1984). Acquittal was not demanded.

2. It is argued that the trial court erred in admitting into evidence defendant's statement that he was not in the stockroom on the night in question.

No objection was made at the time, and hence the issue was not raised or ruled on, so there is no trial court action to review. *Keno v. Alside, Inc.*, 148 Ga. App. 549, 551 (3) (251 SE2d 793) (1978); *Pulliam v. State*, 236 Ga. 460, 465 (224 SE2d 8) (1976).

Moreover, " '[a]fter a crime has been committed, any attempt by a person who is subsequently accused of the crime to mislead the investigating officers is generally relevant and admissible, and any attempt by such person to obstruct an investigation of an issue is relevant on the trial of such issue.' " *Moon v. State*, 154 Ga. App. 312, 315 (5) (268 SE2d 366) (1980). The broad premise is that a statement or conduct by defendant which indicates a consciousness of guilt is admissible against him. *Bridges v. State*, 246 Ga. 323, 324 (2) (271 SE2d 471) (1980). A statement which is intended as exculpatory may turn out to be inculpatory and admissible as such when contradicted, when shown to be false, or when balanced with other facts. *Johnson v. State*, 144 Ga. App. 568, 569 (2) (241 SE2d 458) (1978); *Thomas v. State*, 176 Ga. App. 771 (2) (337 SE2d 344) (1985).

No reversible error is shown by this ground. *Pendergrass v. State*, 245 Ga. 626, 627 (1) (266 SE2d 225) (1980).

3. Error is asserted on the failure to charge on lesser-included offenses, namely second and third degree arson.

Defendant made no written requests to charge on lesser-included offenses prior to the jury's beginning its deliberations and until after the close of the evidence, which were thus untimely. *Sloan v. State*, 172 Ga. App. 620 (3) (323 SE2d 834) (1984); *Howe v. State*, 250 Ga. 811, 813 (2) (301 SE2d 280) (1983).

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED JANUARY 23, 1987.

*Barbara S. Arthur*, for appellant.
*David L. Lomenick, Jr., District Attorney, Amy E. Abernathy, Assistant District Attorney*, for appellee.