## 45286. JONES v. THE STATE.

(365 SE2d 263)

GREGORY, Justice.

The appellant, David Jones, Jr., was convicted of the murder and armed robbery of Trellis Maggie Poole. The trial court sentenced appellant to two consecutive life sentences for these crimes. The appel-

lant was also convicted of the burglary of Poole's residence and was sentenced to 20 years for this crime to be served consecutively to the life sentences.[1]

On June 12, 1986, Robert Banks and Michael Woods observed two men pushing a lawnmower past the victim's home, then turn around and enter her house. Shortly thereafter a third man walked up the victim's driveway. Hearing screams come from the victim's house, Banks and Woods ran to alert Banks's parents who lived next door. Mrs. Banks called the police; Mr. Banks went to get the victim's brother who worked a few blocks away.

Officer Randy Matthys testified that when he arrived at the scene the victim's front door was partially open. As he attempted to enter the door, the appellant appeared and slammed the door shut. Matthys then heard someone running through the house. Mr. Banks, who was by this time in the victim's back yard with the victim's brother, testified that the appellant came out the back door of the house. Mr. Banks fired a gun in the air and yelled for the appellant to halt. The appellant continued running and dropped a gun wrapped in a stocking as he attempted to scale a fence.

Police found the victim bound and gagged in her bedroom. The contents of her purse had been emptied on the bed and the room was in disarray. The victim died later as a result of a traumatic injury to the head.

Approximately two hours following the commission of the crime, police observed appellant walking down a road near the victim's house. The appellant matched Officer Matthys's description of the man he had observed at the crime scene, and these officers stopped appellant for questioning. The officers noticed that appellant, who was not wearing a shirt, had scratches on his back and arms. At this time appellant put something in his mouth. A struggle ensued and the appellant threw the items he had put in his mouth into a field. Appellant was placed under arrest. The items recovered from the field were identified as jewelry belonging to the victim. Blood found on a cloth in the appellant's possession and on his pants matched the victim's blood type. An expert from the State Crime Lab testified that latent palm prints taken from the scene of the crime matched those of appellant.

The other two men observed at the scene of the crime are still at large.

1. The appellant argues that the trial court erred in denying his

---

[1] The appellant was convicted on April 21, 1987, and sentenced May 15, 1987. The trial court denied his motion for new trial on November 2, 1987, and on November 18, 1987 appellant filed a notice of appeal to this court. The case was docketed here on December 10, 1987, and submitted to us on briefs on January 22, 1988.

motion for directed verdict of acquittal as to the charge of burglary. Appellant maintains a directed verdict is required since the State failed to offer any direct evidence that he lacked authority to enter the victim's home. OCGA § 16-7-1 (a). We agree with the state that while there is no direct evidence on this issue, there is circumstantial evidence from which the jury could have found beyond a reasonable doubt that appellant lacked the authority to enter the victim's home. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Therefore, the trial court did not err in denying appellant's motion for directed verdict.

2. While not raised by appellant, we hold there was evidence from which the trier of fact could have concluded beyond a reasonable doubt that appellant is guilty of the crimes of murder and armed robbery. *Jackson v. Virginia*, supra.

3. Appellant argues that the trial court erred in denying his motion to suppress Officer Matthys's in-court identification of appellant. Appellant maintains the show-up identification of appellant by Matthys following appellant's arrest was unduly suggestive and tainted Matthys's in-court identification.

We find it unnecessary to determine whether the show-up identification was inherently suggestive because we find Matthys based his in-court identification on his opportunity to observe the appellant at the scene of the crime, rather than on the show-up. Matthys testified that he observed the appellant at the victim's home for "three or four seconds" in a well-lighted area. Matthys was able to give an accurate and detailed description of the appellant to officers who arrested appellant based on this description. Matthys testified that his in-court identification of the appellant was based solely on his observations at the scene of the crime.

We hold that under the totality of circumstances, there was little likelihood of misidentification of the appellant. *Neil v. Biggers*, 409 U. S. 188, 199 (93 SC 375, 34 LE2d 401) (1972). The fact that Matthys had only a "fleeting" opportunity to observe the appellant at the scene of the crime does not render the in-court identification inadmissible. See *Coleman v. Alabama*, 399 U. S. 1 (90 SC 1999, 26 LE2d 387) (1970). As the basis for the courtroom identification was independent of the allegedly suggestive confrontation procedure, the trial court did not err in denying the motion to suppress. *Callaway v. State*, 257 Ga. 12 (3) (354 SE2d 118) (1987).

4. In the last two errors enumerated appellant complains of the jury charge. The trial court's charge on reasonable doubt effectively covered the principles of law contained in the charge requested by appellant. Failure to give the charge in the exact language requested by appellant was not error. *Felker v. State*, 252 Ga. 351 (3) (314 SE2d 621) (1984).

In response to the jury's request for clarification, the trial court re-charged the language of OCGA § 16-2-20, parties to a crime, and § 16-2-21, prosecution of parties who did not directly commit the crime. The trial court then paraphrased the language of § 16-2-20, but did not paraphrase the language of § 16-2-21. Appellant urges error in that the charge was "incomplete." We have studied the trial court's charge and find no error. Nor has appellant shown harm.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 25, 1988.

*Bush, Wallace & Craig, Daniel J. Craig,* for appellant.

*Sam B. Sibley, Jr., District Attorney, Michael J. Bowers, Attorney General, Dennis R. Dunn, Assistant Attorney General,* for appellee.