76994. WILLIAMSON v. THE STATE.
(372 SE2d 685)

BENHAM, Judge.

Appellant was convicted of theft by shoplifting and sentenced as a misdemeanant. OCGA §§ 16-8-14 (a) (4) and 16-8-14 (b) (1).

1. After observing appellant remove the price ticket from a comforter and place on the comforter a ticket previously removed from sheets, a plainclothes store security guard followed appellant as she exited the store with the comforter. The security guard then stopped appellant, identified himself as store security personnel, and asked her to accompany him to an office within the store to discuss her purchase. After the security guard explained to appellant what he had seen her do, she became verbally abusive and hurled racial epithets at him and the store manager. In a pre-trial motion, appellant sought suppression of the statements on the grounds that the State failed to comply with OCGA § 17-7-210 (a) which states that a defendant is entitled, upon written request, to "a copy of any statement given by [her] while in police custody. . . ."

Even if it is assumed, for the sake of argument, that appellant's detention by the store security personnel constituted "police custody," the statements made by appellant were neither incriminating nor inculpatory. Statements that are not incriminating or inculpatory do not fall within the ambit of OCGA § 17-7-210, and therefore need not be furnished to a defendant. See OCGA § 17-7-210 (d); *Hudgins v. State*, 176 Ga. App. 719 (1) (337 SE2d 378) (1985); *Furlow v. State*, 172 Ga. App. 185 (2) (322 SE2d 317) (1984); *Howell v. State*, 163 Ga. App. 445 (4) (295 SE2d 329) (1982). The trial court did not err in admitting the testimony concerning appellant's statements.

2. During his examination of the store manager, the assistant solicitor asked a leading question which resulted in testimony that appellant had threatened to bring legal action against the store. The trial court denied appellant's motion for mistrial and offered to give the jury a curative instruction. When counsel for appellant expressed his desire for such an instruction, the trial court told the jury to disregard any statement regarding the threat of any other lawsuit, and ascertained from each juror that he/she could do so. "Appellant did not renew [her] motion for a mistrial after the curative instruction was given. Since the rule requiring renewal of a motion for a mistrial following curative instructions has been retained in criminal cases, the issue has not been preserved for appellate review. [Cits.]" *Bankston v. State*, 159 Ga. App. 342 (3) (283 SE2d 319) (1981).

3. Appellant contends the trial court erred when it declined to give the jury five of appellant's requested charges. Instead of four of the requests, the trial court gave pattern jury instructions on reasonable doubt and good character as a defense. " 'The failure to give requested instructions in the exact language requested, where the charge given substantially covers the same principles, is not grounds for reversal.' [Cit.]" *Putman v. State*, 251 Ga. 605 (7) (308 SE2d 145) (1983). We note, in passing, that the trial court's instruction that acquittal would be authorized if the jurors' minds were wavering, unset-

tled, and unsatisfied after consideration of the trial court's instruction is an almost verbatim rendition of the charge requested by appellant. Appellant's requested jury charge on circumstantial evidence, based upon a theory espoused in *Davis v. State*, 13 Ga. App. 142 (1) (78 SE 866) (1913); and discredited in *Nolen v. State*, 124 Ga. App. 593 (184 SE2d 674) (1971), is not applicable in a case where, as here, direct evidence is involved. *Gabbidon v. State*, 184 Ga. App. 475 (3) (361 SE2d 861) (1987).

4. When given the opportunity to voice objection to the charge as given, appellant's counsel objected to the failure of the trial court to instruct the jury on the law of impeachment with regard to prior inconsistent statements. "[F]ailure to charge in the absence of a written request is not such a substantial error as to be harmful as a matter of law. . . . Furthermore, it should be noted that the court below charged the principles of law relating to credibility of witnesses generally. Under those circumstances the failure to include [a charge] relating to impeachment of witnesses in the charge in the absence of written request is not error . . ." *Bentley v. State*, 131 Ga. App. 425 (12) (205 SE2d 904) (1974). See also *Aldridge v. State*, 236 Ga. 773 (3) (225 SE2d 421) (1976).

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 7, 1988.

*Bill W. Crecelius, Jr.*, for appellant.

*Ralph T. Bowden, Solicitor, N. Jackson Cotney, Jr., Lee B. Perkins, Assistant Solicitors*, for appellee.