. A89A1074. VALDEZ v. THE STATE.
(383 SE2d 611)

BANKE, Presiding Judge.

The appellant was charged in a four-count accusation with (1) failure to yield right-of-way, (2) improper lane usage, (3) driving a motor vehicle while under the influence of alcohol, and (4) driving a motor vehicle with a blood alcohol content of at least 0.12 percent by weight. The trial court directed a verdict in his favor on Count 1; and

a jury subsequently found him guilty on Count 3, while acquitting him on Counts 2 and 4. He appeals. *Held*:

1. The arresting officer testified that, upon being asked to recite the alphabet at the time of his arrest, the appellant replied "that he didn't know his alphabet; that he'd only had a sixth grade education." The appellant made a motion for a mistrial or, in the alternative, for a continuance at this time on the ground that the substance of this statement had not been supplied to him, either in response to a pre-trial *Brady* motion which he had filed or in response to his written demand, filed pursuant to OCGA § 17-7-210, for a copy of any statement made by him while in police custody. He enumerates as error the denial of this motion.

We agree with the trial court that the statement in question did not fall within the ambit of OCGA § 17-7-210 because it was not incriminating or inculpatory. See *Furlow v. State*, 172 Ga. App. 185, 186 (2) (322 SE2d 317) (1984). As for the *Brady* motion, "a defendant's own statements to police are not unknown to defendant and are not subject to discovery under *Brady*. [Cits.]" *Fuqua v. State*, 183 Ga. App. 414, 417 (359 SE2d 165) (1987). Moreover, "*Brady* does not require *pre-trial* disclosure of exculpatory material, and is not violated when such material is made available to defendants *during the trial*. [Cit.]" Id.

2. The appellant contends that the trial court erred in denying his motion for directed verdict with respect to Counts 2, 3, and 4 of the accusation. Since the jury found the appellant not guilty on Counts 2 and 4, the court's refusal to direct a verdict in his favor on these counts resulted in no harm to him. See *Hazelrig v. State*, 171 Ga. App. 942, 943 (1) (321 SE2d 437) (1984). In support of Count 3, which was the D.U.I. count, the arresting officer testified that the appellant's vehicle had pulled onto the street directly in front of his patrol car, forcing him to brake heavily to avoid hitting it; that he had later observed the vehicle straddling two lanes while stopped at an intersection; that the appellant had subsequently exited the vehicle from the driver's seat; and that when he confronted the appellant, the appellant was "swaying," had the odor of alcohol on his breath, and spoke in a confused and slurred manner. Based on this testimony, a rational trier of fact would have been authorized to reject the testimony of the appellant and his witnesses that someone else had been driving the vehicle and to conclude beyond a reasonable doubt that the appellant had been in actual physical control of the vehicle while under the influence of alcohol to a degree which rendered him a less safe driver. Accord *Howell v. State*, 179 Ga. App. 632 (1), 634 (347 SE2d 358) (1986); *Barlow v. State*, 158 Ga. App. 500 (280 SE2d 899) (1981).

3. The appellant contends that the trial court erred in admitting

oral testimony concerning the results of an intoximeter test which had been administered to him subsequent to his arrest, where the written results from the test had been excluded on the ground that a copy had been tendered without any satisfactory explanation for the absence of the original. The testimony at issue was offered by the operator of the intoximeter machine, and there was no contention either that this witness had not been qualified to operate the machine or that he had failed to perform the test in accordance with methods approved by the Division of Forensic Services of the Georgia Bureau of Investigation. See generally OCGA § 40-6-392 (a) (1). Accordingly, his testimony was properly admitted as original evidence. Accord *Riley v. State,* 175 Ga. App. 810 (1) (334 SE2d 863) (1985); *Fletcher v. State,* 157 Ga. App. 707 (1) (278 SE2d 444) (1981). The witness's evident mischaracterization of the test results at one point during his testimony as having been "1.8" rather than ".18" grams percent, and his occasional reference to the test reading as signifying the weight of alcohol per 100 milliliters of blood rather than 100 cc's of blood, were matters which the appellant was free to explore on cross-examination but which did not affect the admissibility of the witness's testimony under the circumstances.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED JUNE 20, 1989.

*Alan C. Manheim,* for appellant.
*Patrick Head, Solicitor, Melodie H. Clayton, Jane P. Manning, Assistant Solicitors,* for appellee.