A90A0285. BATTLE v. THE STATE.
(394 SE2d 788)

BIRDSONG, Judge.

Otis Battle was convicted of burglary and statutory rape. On appeal, his counsel enumerates five asserted errors below and appellant pro se submits a separate "supplemented" enumeration of error arguing ineffectiveness of counsel. Appellant asserts generally that the verdict was contrary to the evidence and to the law, and is not supported by the evidence. He urges mainly that head hairs removed from radio earphones the rapist allegedly used and pubic hairs removed from the victim did not match his own, according to scientific

testing; and that he was proved by his uncle to have been in Florida on June 27, 1987, at the time the rape occurred. *Held:*

1. The verdict is not contrary to the evidence or to justice and law. The victim, who was fourteen at the time of trial, testified that she and her mother, Mrs. Williams, encountered appellant, whom she knew as "Bud," on a city bus. Mrs. Williams knew Bud, having met him before and seen him on the street. The victim, then twelve, also recognized Bud, having seen or met him before. Appellant told Mrs. Williams that he knew her husband Terry while they were in jail together and Terry had asked him to check up on her and see that she was all right. Appellant got off at the bus stop with the victim and her mother near Mrs. Williams' home where the child was visiting for the summer. Appellant and Mrs. Williams engaged in conversation on the porch of her home for about 30 minutes or less; appellant then left and the victim and her mother went inside their apartment. During this encounter, appellant wore a rag on his head under a hat embellished with the word "Cagle's," and had a small goatee. That night, the victim's mother went out with her brother-in-law. The victim left the door unlocked so her mother could get in. At about midnight, the victim emerged from the bathroom and saw "Bud" standing in the hallway. He threatened her and then forcibly raped her on the bed. After a few minutes, she begged to go to the bathroom and escaped, wearing nothing below the waist. She ran next door and a neighbor admitted her; she was screaming that she had been raped and named the rapist, but the neighbor testified she did not remember what name the victim called out. The victim was distraught and evidently in physical distress, blood was running down her legs, and she begged to go to the bathroom.

At Grady Hospital, the victim was thoroughly examined and found to have a long tear or rip into her vagina near the anus; the doctor characterized this as a sign of very forcible rape, and an injury which the doctor had not encountered before with rape victims. The victim also had a fresh bruise on her neck. She indicated to the doctor the rapist's name, but the doctor did not remember it at the trial two years later.

The victim immediately, at all stages of encounter after the rape, told each person the name of the rapist and indicated she knew him. She told her mother it was "Bud." A rape scene investigator found a "Cagle's" hat at the scene and a Walkman radio with earphones. Later investigators showed her a series of photographs of appellant and others with similar features and skin tone; the victim unhesitatingly pointed out appellant's photo as that of the rapist.

Appellant's uncle's testimony that appellant was with him in Florida on about June 27 was not conclusive or precise. Evidently the jury found inconclusive as well the fact that appellant's head and pu-

bic hair did not match the hair found on the radio earphones left behind, and in the victim's pubic combings. Viewing all the evidence in the light most favorable to the verdict, particularly the precise and consistent identification testimony, we find the evidence is sufficient to enable a rational trier of fact to find appellant guilty of burglary and statutory rape beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Appellant contends he was erroneously denied a mistrial on account of the character defamation arising from Mrs. Williams' volunteered statement that appellant had told her he knew her husband "in jail." We find no error. This evidence was a spontaneous reply to the question as to what appellant said to her on the bus. The evidence was relevant not only to identify appellant, but to explain why he followed the victim and her mother home, i.e., to make sure they were all right as her husband Terry had allegedly requested. The fact that it incidentally placed appellant's character in issue does not render it inadmissible. *Brown v. State*, 257 Ga. 330 (357 SE2d 563). Moreover, appellant refused the offer of curative instructions, thus making it impossible for the trial court to repair the alleged prejudice and waiving the grounds to assert mistrial error on appeal. See *Williamson v. State*, 188 Ga. App. 307 (372 SE2d 685).

3. We find no fatal material variance in the fact that Count One of the indictment charged appellant with burglary with intent to commit rape and child molestation, while Count Two charged him with burglary with intent to commit statutory rape. These allegations could leave no doubt as to the charges against appellant. Proof that a crime was committed in one of the ways alleged in the indictment is sufficient to sustain the guilty verdict. *Castillo v. State*, 178 Ga. App. 312 (1) (342 SE2d 782).

4. There was no error in allowing the doctor's statement that she had never seen a rape victim who had sustained this type of injury. Appellant contends this presumes an "ultimate fact" — that the victim was raped. However, the statement on its face assumes no such thing. If the victim had been proven not to have been raped at all, the doctor's statement would be no less true.

5. Appellant contends it was fatal and incurable error for the trial court to charge that if the jury should "believe from the entire evidence that the defendant is guilty beyond a reasonable doubt, [then] it [is] your *duty* to convict." (Emphasis supplied.) This has been held to be not an incorrect charge (*Noggle v. State*, 256 Ga. 383 (2) (349 SE2d 175)); moreover, the charge as a whole correctly informed the jury as to the State's burden of proof. At the jury's request, the trial court recharged the jury on the general principles of criminal proof and reasonable doubt, and stated that if no reasonable doubt existed, "you should convict him." No objection was made to this instruction

and it was not, in fact, error.

6. Appellant pro se submits his own amended enumeration of error for having been denied effective assistance of counsel. We are prohibited from addressing or reviewing this question by the Supreme Court's ruling in *Dawson v. State*, 258 Ga. 380 (369 SE2d 897) and other earlier cases cited therein. Whether appellant's trial or appellate counsel was ineffective, apparently even in the face of substantial injustice, the right to claim ineffective assistance of counsel is waived by the failure to raise it at the trial level, i.e., at the "earliest practicable moment." See, e.g., *Washington v. State*, 193 Ga. App. 823 (389 SE2d 407) (1989).

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED MAY 7, 1990.

*Leigh B. Finlayson*, for appellant.
*Otis Battle*, pro se.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Richard E. Hicks, Katherine E. Beaver, Assistant District Attorneys*, for appellee.