## A90A0827. STANDRIDGE v. THE STATE.

(396 SE2d 804)

BIRDSONG, Judge.

Gary Gene Standridge appeals his conviction for one count of child molestation involving his stepdaughter. He enumerates seven errors below. *Held*:

1. Standridge contends he was entitled to dismissal of the indictment because the indictment alleged that, at the time of the offense, the victim was "a child under fourteen (14) years of age" but does not allege what specific dates the acts of molestation occurred. He complains the trial court charged the jury the offense could be proved at anytime within four years of the indictment date (February 18, 1988); and that inasmuch as the child turned fourteen in August 1986, the offense could not be proved as alleged.

The evidence shows that at least two acts of molestation occurred in June 1986 and July 1986, while the child was still under age fourteen, as alleged in the indictment. Proof of acts of molestation after she reached age fourteen were mere surplusage, or were evidence of transactions similar to what the State did prove, to wit, that the offense occurred as alleged in the indictment. See *Keri v. State*, 179 Ga. App. 664 (347 SE2d 236).

2. In three enumerations, appellant states he was denied a right to thorough and sifting cross-examination by the trial court's denial of his motion for production of the victim's statements, and by the trial court's denial of his attempt to impugn the victim by showing her bad character.

Appellant does not cite any authority allowing him to impeach the thirteen-year-old victim's character by showing marijuana use and bad character, nor does he describe this "bad character." Further, appellant has not shown any harm accrued to him in not receiving a copy of the victim's statement; and, he does not prove error by showing that he actually asked for the statement as required by OCGA § 17-7-210. The trial court examined the evidence in light of appellant's other discovery demands and found nothing exculpatory. See *Valdez*

*v. State*, 192 Ga. App. 10, 11 (383 SE2d 611). In the absence of any suggestion by appellant that he incurred some actual harm by being denied cross-examination by the improper denial of a defense statement *properly sought*, appellant has not borne his burden to show harmful error by the record. *Griner v. State*, 192 Ga. App. 283 (384 SE2d 398); *Sanders v. State*, 188 Ga. App. 774, 775 (374 SE2d 542); *Ragan v. State*, 188 Ga. App. 770, 772 (374 SE2d 559); *Whiteley v. State*, 188 Ga. App. 129 (372 SE2d 296).

3. In enumerations 5 and 6, appellant complains of the denial of his motion for mistrial upon the State's injection of "evidence of a separate crime of furnishing alcohol to minors which had been excluded" and "evidence of a separate crime of child molestation which had been excluded."

Appellant does not explicate these assertions of fact, but merely quotes the general law as to inadmissibility of character evidence at OCGA § 24-9-20 (b). Appellant also merely cites Superior Court Rules 31.1 and 31.3 as to notice of intent to introduce evidence of similar transactions, and says, without elaboration or supporting citations, that the State violated these rules of law. Appellant fails to cite any reference to any portion of the record where such alleged errors might have occurred, thus violating Court of Appeals Rule 15 (c) (i) and (ii). Error must be shown affirmatively by the record, and not by mere recitations in a brief. *Sanders v. State*, supra; *Williams v. State*, 188 Ga. App. 496 (373 SE2d 281).

In any event, the evidence was admissible. The incident of providing alcohol to minors involved an act of molestation; and any other molestation proved was evidence of a similar transaction. See *Guffey v. State*, 191 Ga. App. 501, 502-503 (382 SE2d 202).

We find no cause to reverse the verdict in this case.

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 4, 1990.

*James W. Bradley*, for appellant.
*Robert E. Keller*, District Attorney, *Albert B. Collier*, Assistant District Attorney, for appellee.