## A91A1059. RAVEN v. THE STATE.

(410 SE2d 346)

COOPER, Judge.

In a three-count indictment, appellant was charged with two counts of armed robbery (Counts I and II) and one count of robbery by intimidation (Count III). The jury returned a verdict of guilty on Counts II and III and found appellant guilty of robbery by intimidation, a lesser included offense, on Count I. Appellant's sole enumeration of error is that the trial court erred in admitting into evidence his plea of guilty to the offense of giving a false name to a law enforcement officer.

The evidence adduced at trial shows that on February 28, 1988, a black man entered a Kangaroo convenience store wearing an army jacket, a stocking cap, and a scarf wrapped around his face. The man, who had his hand in his jacket to suggest that he had a weapon, went around the counter and demanded that the store clerk give him all of the money, after which the man left the store. Officer Taylor was patrolling the area near the Kangaroo store when he saw a black man come out of the store and begin to slowly jog away. Just as the officer pulled up beside the man, a report came over the radio about the armed robbery. The man, hearing the radio broadcast, broke into a full run. He was able to escape through some woods; however, a cap and scarf matching the description of those worn by the suspect during the robbery were recovered later that night in the area where the man escaped.

On March 13, 1988, a black man entered another Kangaroo store wearing an army jacket and white pants and carrying a knife. The man demanded that the store employee give him the money from both cash registers, and after taking the money, he ran from the store in the direction of a nearby apartment complex. Officer Wimpy responded to the call and saw a man running through the apartment complex who fit the description of the robbery suspect. He pursued the suspect and was able to get a good look at the suspect as the suspect took off the army field jacket he was wearing and discarded it. Officer Wimpy retrieved the jacket in which he found a knife and an envelope containing money orders. The suspect was eventually captured by other officers who arrived on the scene. Officer Wimpy identified the suspect as the person he had been chasing. Appellant was not charged with armed robbery at that time, but was arrested for giving a false name to the law enforcement officer who apprehended him. Appellant subsequently made bond on the charge of giving a false name to a law enforcement officer and was released.

On March 24, 1988, a black man entered a third Kangaroo store wearing a cap and a black bandanna over his face. The man went behind the counter, told the store employee that she was being

robbed and ordered her to leave the store. Police officers responded to the call about a robbery and subsequently apprehended appellant based on the description given by the store employee.

At trial, the cap and scarf which were recovered after the first robbery were identified at trial by the first store clerk as the cap and scarf worn by the suspect during the robbery. Officer Taylor also identified those items as being worn by the man who jogged out of the Kangaroo store. In addition, both the victim of the first robbery and Officer Taylor identified the jacket recovered by Officer Wimpy after the second robbery as the jacket worn by the appellant during the first robbery. A microanalyst with the State Crime Lab testified that hair samples taken from the cap and scarf found after the first robbery were consistent with known hair samples from appellant's head. With respect to the second robbery, the store employee positively identified appellant as the man who robbed the store. The employee also identified the jacket retrieved by Officer Wimpy as the jacket appellant was wearing when he robbed the store. The money orders recovered by Officer Wimpy were also identified by the second robbery victim as those taken during the robbery. Two witnesses who knew appellant testified that they were on their way to the store when they saw appellant go behind the counter in the store and then run from the store into one of the apartments. Officer Wimpy also identified appellant at trial as the person he chased through the apartment complex. Although the victim of the third robbery could not identify appellant at trial, she identified the pants taken from appellant when he was arrested following the third robbery as the pants the man was wearing when he robbed the store.

Appellant contends that the trial court erred in allowing the State to introduce into evidence a copy of appellant's plea of guilty to the charge of giving a false name. He argues that the evidence was not admissible for the purpose of showing that appellant attempted to obstruct the investigation because the officer to whom the false name was given was not available to testify as to the circumstances surrounding the giving of the false name. Thus, appellant contends that the evidence impermissibly placed his character in evidence. "The broad premise is that a statement or conduct by defendant which indicates a consciousness of guilt is admissible against him. [Cit.]" *Parker v. State*, 181 Ga. App. 590, 591 (2) (353 SE2d 83) (1987). The intake form, which was introduced into evidence without objection, showed that appellant was charged with giving a false name to an officer on March 13, 1988 at 3:36 a.m. The Uniform Traffic Citation, issued at his arrest, indicated that on March 13, 1988 at 3:30 a.m., appellant gave the name of "Tracy Mance when questioned by Cmdr. Darracott during a police investigation." The second robbery occurred shortly after 2:30 a.m. on March 13, 1988, and when the false name

was given, the appellant was being investigated in connection with the robbery, although he was not charged at that time. The giving of a false name to a law enforcement officer during an investigation is evidence which indicates a consciousness of guilt on the part of appellant and we find no error in the trial court's admission of this evidence. *Parker v. State*, supra. Appellant also argues that even if the evidence were relevant, its prejudicial impact outweighed any probative value which it may have had. We disagree. We cannot conclude that the misdemeanor charge to which appellant pled guilty in any way prejudiced the jury with respect to the three robberies for which he was on trial. Furthermore, given the overwhelming evidence of appellant's guilt on each count in the indictment, we conclude that any error in the admission of the evidence did not contribute to the guilty verdict. *Vaughn v. State*, 248 Ga. 127 (2) (281 SE2d 594) (1981).

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 6, 1991.

*Valpey & Walker, Gregory W. Valpey,* for appellant.

Howell Raven, *pro se.*

*C. Andrew Fuller, District Attorney, William M. Brownell, Jr., Assistant District Attorney,* for appellee.