## A93A1570. BIGSBY v. THE STATE.
### (436 SE2d 817)

POPE, Chief Judge.

Defendant was convicted by a jury of robbery by snatching. On appeal, he challenges the denial of his motion to suppress identification evidence against him as well as the sufficiency of the evidence.

Neighbors Robin Schoening and Janna Ates returned home in Schoening's car at approximately 12:30 in the morning. The passenger side window was broken, and Schoening stopped to adjust it after they got out of the car. While she was working on the window and Ates was standing next to her, Ates saw two men approaching. When they reached Schoening's car, the two men split up and stood on either side of the two women. One of the men asked the women if they had any money, and they said no. The man then said, "Give me what you got." When they refused, the same man yelled "Get 'em," grabbed Schoening's purse and ran off, with Schoening chasing him. The second man also fled in the same direction. Schoening's boyfriend and Ates' husband heard their screams and joined the chase. A few blocks away, the perpetrators split apart and Schoening lost them. Police then arrived, and Schoening was describing the purse snatcher — a tall black man wearing a silver jacket — to Sergeant Sheryl Martin when her boyfriend pointed to a man fitting that description emerging from the bushes several houses down the block. Schoening yelled, "I see him," and started running, and Sergeant Martin jumped in her car to follow. Another police car arrived from the opposite direction, and the man was apprehended. Schoening immediately identified the man as the purse snatcher, and identified him at trial as defendant. Ates also identified defendant as the purse snatcher at the time of his apprehension and at trial. The morning after the robbery, Schoening found her purse and its contents in the same bushes from which defendant emerged the night before.

1. Defendant's contention that Schoening and Ates' show-up identification of him just after the robbery occurred was impermissibly suggestive is without merit. Even if Schoening's identification of defendant after she pointed him out to police prior to his apprehension can be considered a show-up, " '[s]uch on-the-scene "show-up"

identifications have been held not to be impermissibly suggestive' " where they are necessary due to the practicalities of the situation. *Gatling v. State*, 203 Ga. App. 407, 409 (2) (416 SE2d 877) (1992). See also *Williams v. State*, 188 Ga. App. 496 (373 SE2d 281) (1988) ("Practicalities inherent in this type of situation suggest that an immediate on-the-scene confrontation between victim and suspect is essential both to law enforcement and to fairness toward innocent suspects. [Cits.]"). (Punctuation omitted.) *Williams*, 188 Ga. App. at 498 (2). Schoening and Ates saw the purse snatcher's face for about ten seconds in a well lighted area, and their attention was focused on him. The challenged "show-up" identification occurred about ten minutes after the robbery. Moreover, both Schoening and Ates were absolutely certain that defendant was the purse snatcher. Under these circumstances, there was not a substantial likelihood of misidentification. See *Jones v. State*, 258 Ga. 25 (3) (365 SE2d 263) (1988). The trial court did not err in denying defendant's motion to suppress.

2. Viewing the evidence in the light most favorable to the verdict, it was sufficient to enable the jury to find defendant guilty of robbery by snatching beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED OCTOBER 28, 1993.

*Rodney S. Zell*, for appellant.

*Lewis R. Slaton, District Attorney, Bill Fincher, Vivian D. Hoard, Assistant District Attorneys*, for appellee.