A97A0332. SABO v. THE STATE.
(485 SE2d 591)

POPE, Presiding Judge.

Defendant Frederick Anthony Sabo was convicted by a jury of three counts of armed robbery. He appeals following the denial of his motion and amended motion for new trial.

1. Defendant first enumerates as error the denial of his motion to sever the offenses for trial. A defendant has an absolute right to severance of offenses joined for trial where the offenses have been joined solely because they are similar in nature. *Dingler v. State*, 233 Ga. 462, 463 (211 SE2d 752) (1975). "Where, however, the similarity of the offenses reaches the level of a pattern which shows a common scheme, plan or a modus operandi so strikingly similar 'that the totality of the facts unerringly demonstrates and designates the defendant as the common perpetrator, the offenses may be joined — subject to the right of the defendant to a severance in the interests of justice.' (Citations omitted.) *Davis v. State*, 159 Ga. App. 356, 357 (283 SE2d 286) (1981); *Wilson [v. State*, 188 Ga. App. 779, 780 (374 SE2d 325) (1988)]." *Dobbs v. State*, 199 Ga. App. 793 (1) (406 SE2d 252) (1991).

In this case the armed robberies all occurred at convenience-type gas stores, and the stores were located in the same general area. The crimes were committed in a short time period, between July 8, 1994

and August 19, 1994. All three crimes occurred during the afternoon hours. In all three crimes a gun was used and the store clerks were ordered to place the money from the cash register in a bag. Defendant fled the scene of the July 8 and August 19 crimes in a silver Toyota. Similar descriptions of defendant and his clothing were given in all three incidents. Under these circumstances, the trial court did not abuse its discretion in denying the motion to sever. See, e.g., *Alford v. State*, 224 Ga. App. 451 (480 SE2d 893) (1997), and cites; *Campbell v. State*, 206 Ga. App. 456, 458 (2) (426 SE2d 45) (1992).

2. Defendant contends the trial court erred in admitting pre-trial and in-court identification testimony.

(a) Defendant's contention that a show-up identification at the time of his arrest was impermissibly suggestive is without merit. " 'This court has thoroughly considered the dangers inherent in the practice of bringing single suspects to confront witnesses for the purpose of pre-trial identification, in particular, the danger of the " 'substantial likelihood of irreparable misidentification.' (Cit.)" [Cit.] To evaluate that likelihood, we apply the test enunciated in *Neil v. Biggers*, 409 U. S. 188 (93 SC 375, 34 LE2d 401) [(1972)] which requires that we consider the witnesses' opportunity to view the suspect at the time of the offense, the witnesses' degree of attention, the accuracy of the witnesses' prior description and their level of certainty. However, both state and federal courts have also recognized consistently those countervailing considerations which may render the one-on-one confrontation permissible if not desirable. These include the necessity . . . to resolve promptly any doubts as to identification so as to enhance the accuracy and reliability of the identification, thus expediting the release of innocent subjects. [Cits.]' " *Simmons v. State*, 209 Ga. App. 21, 22 (2) (432 SE2d 623) (1993).

Here, based on the description of the car driven by the robber, police attempted to stop defendant about ten minutes after the robbery. Defendant attempted to elude the officer, and a chase ensued. Defendant was subsequently apprehended, and the identification witness was transported to the scene of defendant's arrest. Approximately one hour had elapsed since the robbery. The witness had observed defendant during the robbery and had provided an accurate description of defendant to the police. The identification witness immediately and certainly identified defendant as the robber. The witness also stated that defendant was wearing a different shirt from the one he wore during the robbery, and a shirt matching the description of the one the witness said the robber wore during the crime, as well as dark glasses and a hat that the witness also said the robber wore during the robbery, were found during a subsequent search of defendant's car. Under these circumstances, there was not a substantial likelihood of misidentification. It follows that the trial

court did not err in denying defendant's motion to suppress this identification testimony. *Mattison v. State*, 215 Ga. App. 635, 636 (1) (451 SE2d 807) (1994); *Bigsby v. State*, 210 Ga. App. 696, 697 (1) (436 SE2d 817) (1993).

(b) We find defendant's contentions relating to his identification by witnesses from the other armed robberies also to be without merit.

3. Defendant next complains of the admission of several statements he made while in custody.

(a) Defendant argues the trial court should have excluded testimony about incriminating remarks he made while being transported to jail because at the time he made the statements he had not been given *Miranda* warnings. The record shows that one of the officers at the scene attempted to read defendant *Miranda* warnings prior to his being transported to the jail by another officer, but that defendant became verbally abusive to the officer and the officer determined that it would be useless to attempt *Miranda* warnings at that time. This Court has previously held that *Miranda* warnings are required only in the context of an in-custody *interrogation*, and the record here clearly demonstrates the statements were not in response to any questioning or prodding by the arresting officer. The trial court did not err in denying defendant's motion to suppress on this basis. See, e.g., *Leatherwood v. State*, 212 Ga. App. 342, 343 (2) (441 SE2d 813) (1994); *Moon v. State*, 208 Ga. App. 540 (1) (a) (431 SE2d 128) (1993).

(b) Testimony was also presented at trial that after defendant was read his *Miranda* warnings he stated to one of the investigating officers that he had just been released from jail the previous September and that the Lord had promised him a year of freedom, and if they arrested him that promise was not going to come true. The trial court admitted the statement on the basis that it could be viewed as indicating a consciousness of guilt. We agree that, taken in context, the statement could be interpreted this way. "Any statement or conduct of a person, indicating a consciousness of guilt, made at a time when he is charged with or accused of crime or thereafter, is admissible as a circumstance against him upon his trial [for committing it]." (Citations and punctuation omitted.) *Moon v. State*, 154 Ga. App. 312, 315-316 (5) (268 SE2d 366) (1980). See also *Parker v. State*, 181 Ga. App. 590, 591 (2) (353 SE2d 83) (1987). Competent evidence is admissible even if it places the defendant's character in issue. See, e.g., *Lockette v. State*, 181 Ga. App. 649, 650 (3) (353 SE2d 585) (1987). This enumeration is without merit.

(c) Under this enumeration, defendant also argues that the trial court erred by admitting a Department of Corrections identification card. This argument is outside the scope of the enumerated error, and will not be considered by this Court.

4. Defendant argues the trial court erred by allowing one of the investigating officers to testify that several days after defendant's arrest defendant refused to talk to him about the crimes and requested an attorney. We find no merit to this contention. First, the record shows that defendant never requested a curative instruction, although the trial court indicated it would give such an instruction upon defendant's request. See, e.g., *Battle v. State*, 195 Ga. App. 542, 544 (2) (394 SE2d 788) (1990). Moreover, "[w]e find defendant's Fifth Amendment rights were not violated by the admission of [this] testimony. It is clear from our study of the transcript that this testimony did not focus on the defendant's silence or suggest that the defendant had asserted his right to remain silent. The testimony simply related, in the course of a lengthy narrative, that the defendant requested an attorney; it did not purport to be evidence of the defendant's guilt or to be directed toward undermining any of his defenses. [Cit.] The true focus of this court's inquiry must be whether the testimony produced a trial which was so fundamentally unfair as to deny defendant due process. [Cit.] 'To reverse a conviction, the evidence of the defendant's election to remain silent must point directly at the substance of the defendant's defense or otherwise substantially prejudice the defendant in the eyes of the jury. No such situation exists here.' [Cits.]" *Duck v. State*, 250 Ga. 592, 595 (1) (300 SE2d 121) (1983).

5. Defendant argues certain rulings by the trial court imposed upon his right to present a full and unimpaired defense.

(a) Defendant argues the trial court should have allowed him to comment on the State's failure to present certain witnesses at trial. See *Morgan v. State*, 267 Ga. 203 (476 SE2d 747) (1996). But the record shows that the trial court never ruled on the State's motion to prevent defendant from commenting on its failure to call all its witnesses, and that the trial court refused to give the State's charge which would also have precluded defense comment on the State's failure to call all its witnesses. This enumeration is thus without merit.

(b) We have examined defendant's remaining contentions under this enumeration and find them also to be without merit.

6. Contrary to defendant's final enumeration of error, we find the evidence sufficient to sustain defendant's conviction as to all three armed robberies under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED APRIL 7, 1997.

Before Judge Robinson.
*Alice C. Stewart, Richard A. Hunt*, for appellant.

*Thomas J. Charron, District Attorney, Michael S. Moody, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys*, for appellee.