A98A0668. DANIEL v. THE STATE.
(497 SE2d 656)

ELDRIDGE, Judge.

Mary Louise Daniel appeals a DeKalb County jury's verdict finding her guilty of DUI — "less safe driver."[1] In her sole enumeration of error, appellant contends that the trial court erred "when it admitted evidence of the State-Administered breath test in front of the jury without first considering outside the presence of the jury whether the results were admissible." We disagree and affirm appellant's conviction.

---

[1] Appellant was also charged with DUI — "per se" (.10 or above) and with following too closely. Upon motion at the close of the state's evidence, the trial court directed verdicts as to these counts.

Upon the trial of this case and prior to the testimony of the intoximeter operator, appellant objected to the admission of the breath test results on the basis of an insufficient foundation; appellant argued that the intoximeter operator's *prior* trial testimony[2] showed that she was not trained in the processes of the machine and that only an area supervisor could lay the proper foundation that the breath tests were performed "on a machine which was operated with all its electronic and operating components prescribed by its manufacturer properly attached and in good working order" pursuant to OCGA § 40-6-392 (a) (1) (A). Appellant then requested an opportunity to question the intoximeter operator outside the presence of the jury in order to show that she was not able to lay such a foundation: "The thing I'm concerned with is I won't get to ask her any questions unless I'm allowed to ask them to her in a hearing outside of the presence of the jury in which I can ferret out her lack of knowledge and the fact that she simply relies on whatever the area supervisor does on the machine."

The trial court denied the motion for a hearing outside the presence of the jury so that defense counsel might "ferret out" the operator's lack of knowledge. The trial court instructed the defense attorney that if he had objection to the foundation laid by the state for the admission of the breath test results, he should register such objection contemporaneously with the alleged deficiency. The trial court refused to base any ruling regarding the foundation for the tests' admissibility on speculation or upon previous trial testimony: "You're asking me to pass on something I haven't heard and you haven't objected. . . . The objection based on what this next witness is going to say is deferred until I hear the evidence."

Thereafter, the intoximeter operator testified that she was trained and certified by the Georgia Bureau of Investigation ("GBI") to operate the Intoxilyzer 5000. She testified that her GBI operator's certificate hung on the wall to the left of the machine, and that she had operated the machine for four years prior to appellant's tests. The operator explained the steps that are taken prior to and during a breath test. She testified that the machine was working properly, the machine did not appear to have any parts missing during the tests, the machine conducted a self-diagnostic test which did not reveal any problems, and the machine would have indicated any malfunctions, if there had been any. Further, the intoximeter operator testified that she operated the machine during appellant's tests as she had been trained by the GBI, i.e., pursuant to GBI methods.

---

[2] This is the second time this case has been before us. We reversed appellant's prior conviction based upon the state's failure to lay the proper foundation for the admission of the Intoxilyzer 5000 certificates. *Daniel v. State*, 227 Ga. App. 92 (488 SE2d 129) (1997).

Only one objection was registered by appellant during the state's examination of the operator: "Objection, Your Honor. She's not qualified to answer that [whether the machine appeared to be working properly] since she's not an area supervisor." The trial court overruled the objection.

During cross-examination, appellant established that the intoximeter operator was not certified to service the machine or to check its calibration; that she had no tools to service the machine or to calibrate the machine; that the Intoxilyzer 5000 is self-diagnostic; and that the extent of the operator's knowledge of *how* the Intoxilyzer works is that she pushes a button, "the person blows, and a chart comes out." *Held*:

1. We are aware of no requirement that secondary evidence, such as the foundation for admissibility of chemical test results, be laid outside the presence of the jury; the contemporaneous objection rule applies when presenting such preliminary, foundational evidence. See, e.g., *Sharpe v. Dept. of Transp.*, 267 Ga. 267, 268 (476 SE2d 722) (1996); *Geoffrion v. State*, 224 Ga. App. 775, 779 (6) (482 SE2d 450) (1997).

In any event, appellant's grounds for a hearing outside the presence of a jury were without merit because: (a) testimony from an area supervisor is *not* required to establish a foundation for the admission of chemical test results; and (b) appellant's attempts to "ferret out" the lack of knowledge on the part of the operator went to the weight to be given the tests, not their admissibility. *Gidey v. State*, 228 Ga. App. 250, 251-252 (491 SE2d 406) (1997); see also *Lattarulo v. State*, 261 Ga. 124, 126 (3) (401 SE2d 516) (1991); *Walker v. State*, 204 Ga. App. 559, 562 (4) (420 SE2d 17) (1992). That an operator may not know *how* or *why* an intoximeter machine works does not impact on foundational testimony that "the machine functioned properly when [s]he tested [appellant] and did not appear to have any pieces or components missing. The machine also appeared to be in good working order, and the diagnostic tests the machine conducted on itself before the breath analysis revealed no problems." *Gidey*, supra at 251-252.

2. Encompassed within appellant's enumeration of error is the contention that the trial court erred in denying a motion for mistrial made by appellant at the close of the state's evidence. To the extent that such contention impacts on Division 1 herein and the proper admission of appellant's breath test results, we will address it.

At the close of the state's evidence, appellant moved for a directed verdict as to the DUI — "per se" count, Count 2, on the grounds that the intoximeter operator could not testify that the machine was working properly and only an area supervisor could so testify. On an entirely different basis than that argued by the defense, the trial court directed a verdict as to the DUI — "per se"

count, finding sua sponte that: (1) the state failed to prove that the intoximeter operator had a "permit" to operate the machine; and (2) the state failed to prove that the operator used methods approved by the GBI during the tests.

Following the trial court's decision, appellant made a motion for mistrial as to the DUI — "less safe driver" count, Count 1. Appellant asserted that since the breath test results were rendered inadmissible by the trial court's decision, the results were improperly before the jury and would impact prejudicially upon the jury's consideration of Count 1. The trial court denied the motion and offered to give curative instructions as to the test results. The appellant refused such instructions. We find that:

(a) "[A]ppellant refused the offer of curative instructions, thus making it impossible for the trial court to repair the alleged prejudice and waiving the grounds to assert mistrial error on appeal." *Battle v. State*, 195 Ga. App. 542, 544 (394 SE2d 788) (1990); *Williamson v. State*, 188 Ga. App. 307 (372 SE2d 685) (1988); and

(b) We do not agree that the jury's consideration of the test results was error. "We find the State sufficiently complied with its burden to prove the test result in this case was valid under OCGA § 40-6-392 (a) (1) (A). The State sufficiently proved by competent circumstantial evidence that the test was performed 'according to methods approved by the [GBI],' and 'on a machine which was operated with all its electronic and operating components prescribed by its manufacturer properly attached and in good working order,' and 'by an individual possessing a valid permit issued by the [GBI] for this purpose.'" (Punctuation omitted.) *Bazemore v. State*, 225 Ga. App. 741, 743-744 (484 SE2d 673) (1997); *Gidey*, supra at 251-252. Thus, there was no error in the jury's consideration of the breath test evidence, because the evidence was admissible. Accordingly, appellant's motion for mistrial was properly denied. A trial court's ruling, right for any reason, will be affirmed. *Stovall v. State*, 216 Ga. App. 138, 139 (1) (453 SE2d 110) (1995).

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED MARCH 11, 1998

*William C. Head*, for appellant.
*Ralph T. Bowden, Jr., Solicitor, Noah H. Pines, W. Cliff Howard, Assistant Solicitors*, for appellee.